(117 App. Div. 664)

NATHAN v. O'BRIEN, Com'r, et al.

(Supreme Court, Appellate Division, First Department. February 25, 1907.)

1. MUNICIPAL CORPORATIONS—CONTRACTS—PROPOSALS — ADVERTISEMENT — REQUIREMENTS.

The advertisement for proposals for bids to furnish pumping engines for a city required each bidder to submit with his bid evidence to prove to the satisfaction of the commissioner of water supply that the bidder was able to perform the contract. *Held*, that the provision was for the benefit of the city, and not for the benefit of other bidders, and did not bind the city to reject any bid which failed to comply with the requirement.

2. SAME—WAIVER—EFFECT.

It will not be assumed that a waiver by city officials of a requirement in an advertisement for bids to furnish pumping engines for a city, that the bidder furnish proof of his ability to perform the contract caused damages to the city by preventing other bidders who could not furnish the proof from bidding, in the absence of proof that a bidder was prevented by such requirement from making a bid.

3. SAME—RIGHTS OF TAXPAYERS—INJUNCTION—CONTRACTS.

A city will not be restrained from entering into a contract on motion of a taxpayer, where it is apparent that the application is not made to protect the taxpayers or the city, but for an ulterior purpose, which will add an additional burden on the city.

4. INJUNCTION—PUBLIC OFFICERS.

The discretionary act of a public officer will not be restrained, where restraining it would impose a large additional expense on the public.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 142.]

Appeal from Special Term, New York County.

Motion by Alfred Nathan for preliminary injunction against John O'Brien and others. Motion denied, and plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, HOUGHTON, and LAMBERT, JJ.

Samuel Untermyer, for appellant.

Theodore Connoly, for respondent O'Brien and city of New York.

Henry D. Hotchkiss, for respondents Davis & Farum.

INGRAHAM, J. The defendant O'Brien, as commissioner of water supply, gas, and electricity of the city of New York, advertised proposals for bids to furnish four pumping engines for the city of New York. The advertised proposals for bids provided that:

"Each bidder shall submit with his bid or estimate, evidence that will prove to the satisfaction of the commissioner that he is prepared to furnish all the necessary materials, possesses the necessary plant and means, to complete all the work in the manner and time herein specified. Neither experimental nor unused types of engines will be accepted. Each bidder must be able to prove that he has built vertical engines, either triple or compound, with cylinders supported on single 'A' frames or double 'A' frames. These engines shall be of the same general type, although not necessarily of the same capacity as the engines he proposes to furnish, and the bidder shall state where these engines have been, or are being installed."

Several bids were received, of which the bid of the defendant Davis & Farnum Manufacturing Company was for $340,000, the lowest that complied with the proposals. The next bid was for $348,000, but that bid was withdrawn, and then came a bid of the Holly Manufacturing Company of Buffalo, N. Y., of $408,000, $68,000 in excess of the bid of the Davis & Farnum Manufacturing Company. Other bids were received which were higher. These bids were opened on July 25, 1906. After the bids were received, the Davis & Farnum Company was required to produce the proof required in the advertisements. The engineers of the city of New York visited their manufacturing establishment, and investigated the pumps that they had supplied for other public works, and, upon the report of the engineers, the commissioner decided to accept the bid of the defendant Davis & Farnum Manufacturing Company. Whereupon a taxpayer who was connected with the next highest bidder, $68,000 in excess of the bidder whose bid was accepted, commenced this action, as a taxpayer, to restrain the city from awarding the bid to the lowest bidder, upon the ground that the bidder whose bid was accepted did not furnish the proof which should have satisfied the commissioner as to their ability to furnish the engines, or that it had never built vertical engines, either triple or compound, with cylinders supported either on single "A" frames or double "A" frames.

Thus, a taxpayer, under a statute which authorized a taxpayer to apply to the court to prevent waste or misappropriation of the city's money or property, seeks to prevent the city from making a contract with a bidder who was required to give a bond in the sum of $250,000 to secure the faithful performance of its contract so that the city will be compelled to purchase of a corporation with which the taxpayer is connected the same property and pay $68,000 more for it. All this is

done in the interest of the taxpayers and the city. This particular tax-payer, assumingly acting for the benefit of the corporation with which he is connected, seeks to use a statute which is designed for the protection of taxpayers and municipal corporation to impose upon the municipal corporation an expenditure of $68,000 more than the city will have to expend if the contract based upon the accepted bid is completed. The plaintiff, upon these facts, comes into a court of equity and asks that the court enjoin the city and the city officials from making what they consider an advantageous contract because the lowest bidder has not produced to the commissioner evidence which should satisfy him that it is able to perform its contract. These provisions in the proposals are for the benefit of the city and to exclude irresponsible bidders who are unable to complete such a contract if it should be awarded to them. It is not for the benefit of other or higher bidders; nor does it purport to bind the city to reject any bids of persons who do not fully comply with the proposals as to the nature of the proof that is to satisfy the commissioner. It is claimed that the city has been injured because many other bidders who could not furnish the proof to the commissioner that he required were prevented from bidding, and that it was therefore a fraud upon all the bidders and a fraud upon the city to insert such a provision, unless the commissioner intended to strictly enforce it. No bidder, however, is produced who has stated that but for this provision he would have made a bid, and there is no evidence to show that there are any manufacturers anxious to perform work of this kind, or who would have made bids for this work but for this provision of the proposals.

Before it can be assumed that the action of the city officials, in waiving a strict compliance with this provision, if such a compliance was waived in this case, was fraudulent, or caused damage to the city, there must be some proof to justify the court in finding that a bidder was prevented from making a bid by this provision of the proposals. The statutes under which these taxpayers' actions are brought are to allow the acts of public officials to be controlled by the courts when the action is illegal or will impose upon the municipal corporation or the public burdens in excess of that which should be borne. They are not passed for the purpose of enabling corporations or combinations or individuals to compel the city to award contracts which will require the payment of an amount in excess of that for which competent and responsible bidders can be retained to do the work. A court of equity is certainly justified in refusing to grant an injunction where it is perfectly apparent upon the face of the papers that the application is not made for the purpose of protecting the taxpayers or a municipal corporation, but for an ulterior purpose which will impose an additional burden upon a municipality; and while an act which is clearly illegal or unjust, although, if authorized, might be to the advantage of the municipal corporation, will be enjoined, a mere failure of a public officer to exercise a discretion in such a manner as will impose a large additional cost upon a municipality should never be enjoined. Upon the conceded facts of this case, this application is not made in good faith to protect the city or the taxpayers, but to compel the city officials to accept a bid largely in excess of that which the public officers have

accepted, and impose additional burdens· upon the city of New York. Of course the court would have the power at any time to restrain the action of the city officials to use such a provision to prevent competent persons from making bids or to enable the city officials to award contracts to favored bidders; and the court would not hesitate to enjoin the awarding of any contract based·upon a bid where there was proof to justify a finding of such an' intent; but certainly the court will not award an injunction which would have the effect of compelling the city to award a bid at a much higher price than that to be paid by a successful bidder upon the assumption without proof that other bidders were prevented from bidding because of the insertion of a provision of this kind in a proposal for a public contract.

I think the order appealed from should be affirmed, with $10 costs and disbursements. All concur; PATTERSON, P. J., in result.