(57 Misc. Rep. 366.)

COYNE v. CITY OF YONKERS et al.

(Supreme Court, Special Term, Westchester County. January, 1908.)

1. PARTIES—INTERVENTION.

An applicant who was not competent to be a party to an action at its commencement will not be allowed to intervene.

2. SAME—ACTION BY TAXPAYER.

Where a taxpayer sued to enjoin the carrying out of a contract for public lighting and the action had been pending for six years, one who has been a taxpayer for only a year will not be granted leave to intervene and to restrain a discontinuance of the action.

Action by John H. Coyne, on his own behalf and behalf of other taxpayers of the city of Yonkers, against the city of Yonkers and others. Motion of defendant Ball to intervene and the parties be restrained from discontinuing denied.

109 N.Y.S.—40

Theodore H. Silkman, for plaintiff.

John F. Brennan, for defendant the Westchester Lighting Company.

William A. Walsh, for Bertram Ball.

Arthur W. Birkins, for several taxpayers resident in the Seventh Ward of the city of Yonkers.

MILLS, J. This is a taxpayers' action brought to enjoin the authorities of the city of Yonkers and the Yonkers Gaslight Company and its successor, the Westchester Lighting Company, from carrying out a contract made by the common council of said city with the Yonkers Lighting Company to provide for the public lighting of such city. The action has been pending for more that six years. A motion is now made, by and in behalf of Bertram Ball, at present a taxpayer of said city, for leave to intervene as a plaintiff, and also that the parties to the action be enjoined from in anywise settling or discontinuing the same.

The following is a statement of the leading material facts as they appear before the court upon the motion: The resolution of the common council of the city of Yonkers accepting the proposal of the Yonkers Gaslight Company to provide the public lighting of the city for a period of 10 years was passed on the 25th of June, 1900. It had previously been passed and vetoed by the then mayor, Sutherland, and was on the date just given repassed by the common council over the mayor's veto. This action was commenced on or about the 13th of March, 1901, by the plaintiff, as a taxpayer of said city, under the authority given by section 1925 of the Code of Civil Procedure. Various modifications of the contract were made by the parties at different times during the administration of Mayor Sutherland, and those of his successors, Mayor Walsh and Mayor Andrus, and various payments during such period were made by the city to the lighting company, which continued to furnish the public lighting of and for the city. At the last municipal election the plaintiff himself was elected mayor, and is now acting as such official. Quite recently during the plaintiff's administration as mayor the lighting company submitted a proposition to him proposing to make to the city certain modifications of the contract by way of concessions to the city, provided that this action should be discontinued. He thereupon submitted such proposition to the present common council, which, after consideration, passed a resolution that the same should be accepted. It then was announced and became generally known that the plaintiff proposed to accept such offered modification of the contract, and in return therefor to discontinue this action. Thereupon Bertram Ball, who for a period of a year past has been competent under said section 1925 of the Code to bring a taxpayer's action in said city, obtained an order to show cause why he should not be permitted to intervene in this action as an additional plaintiff.

Separate briefs have been submitted by the counsel for the applicant Ball, the counsel for the plaintiff, the counsel for the defendant lighting company, and also by counsel for several taxpayers in the Seventh Ward of the city of Yonkers, who are desirous of having gas mains

extended into their locality, and are apprehensive that the continuance of this action may prevent such improvement. Apparently no effort has ever been made by any party to bring the action to trial during the more than six years of its existence, and no attempt was made at any time by the plaintiff to secure a temporary injunction to restrain the public authorities from making payments under the contract or otherwise carrying it into effect.

The counsel for the applicant, upon his argument and in his brief contends that such an action as this comes within subdivision 2 of section 382 of the Code of Civil Procedure, and therefore that its bringing was barred by the lapse of six years after the making of the contract—that is, on the first day of July, 1906—the contract having been made as of the date of July 1, 1900. Such contention seems to be acquiesced in by the other counsel before the court upon the motion. If it be correct, then it is plain that the applicant who seeks to intervene cannot now bring such an action originally in his name and behalf. Therefore I do not think he should be permitted to intervene in this action and become a plaintiff therein, and compel its continuance against the will of the original plaintiff. MacArdell v. Olcott, 62 App. Div. 127, 129, 130, 70 N. Y. Supp. 930. On the other hand, if the bringing of an original action be not barred—that is, if the ten-year statute of limitations is applicable—then the applicant may at once, or at least forthwith after the discontinuance of this action, bring such an action in his own name and right as a present taxpayer of the city. In this view of the matter, it seems that, after permitting the plaintiff so long to conduct this action, the applicant should not be permitted to intervene when he can, by bringing suit himself, maintain the rights which he wishes to assert and secure the remedies he seeks.

Intervention should not be granted except in favor of an applicant who, at the beginning of the action, was competent to be a party thereto. The applicant here appears to have been a taxpayer of the city of Yonkers for only a period of one year last past. The moving papers upon this point allege merely that he has been such taxpayer for upwards of one year last past; but it was stated upon the oral argument and not controverted that he had been such for only that period. Therefore, when this action was commenced in 1901, and for a period of about five years thereafter, he was incompetent to be a plaintiff in such an action.

No valid reason appears why the existing plaintiff should not be permitted to discontinue the action as it is charged he intends to do. The practice of bringing a taxpayer's action and holding it untried for years as a menace over the heads of public authorities, an open unproved charge against their integrity, is little short of a public scandal, and ought not to be encouraged. Before all others such an action, if based upon any substantial merit, should be brought to a speedy trial and determination; and, if not based upon such merit, it should not be brought at all. It is plain that there is no present disposition upon the part of any party to the action, either plaintiff or defendant, to bring the same to trial. Therefore it ought to be terminated at once by discontinuance.

I am the more ready to take this view, because, from an examination of the complaint, the action appears to me to have been originally of doubtful merit. It is not competent for the court, in such an action, to substitute its judgment as to the wisdom of a given proposed municipal action in place of the judgment of the common council of the city acting within the limits of their authority. Such an action can be maintained only upon both or either of two grounds, viz.: (1) Illegality of the questioned municipal action; and (2) fraud and bad faith on the part of the municipal officials in taking such action. From the mass of verbiage contained in the complaint, which by itself aggregate 39 printed pages and with the exhibits annexed thereto 100 additional pages, it is not easy to spell out sufficient grounds for the maintenance of the action. The claim that the common council had not the power to make a contract for so long a term of years has now, with the lapse of 7 of the 10 years of such term, lost much if not all of its original force. The allegations of bad faith, collusion, and fraud on the part of the aldermen are made in general terms, and are wanting in precise and definite statement of pertinent facts. It may well be surmised that, if sufficient evidence to establish them had ever been at hand, the action would long since have been brought to trial or at least a temporary injunction applied for upon affidavits setting forth such evidence. In any event, the action ought long since to have been tried or abandoned.

The motion of the defendant Ball, for leave to intervene, and that the parties be restrained from discontinuing, is therefore denied.

Motion denied.