JAMES SHEWAN & SONS, INC., Appellant, v. WILLIAM WIRT MILLS, Commissioner of Plant and Structures of the City of New York, and Others, Respondents.

First Department, February 20, 1925.

Municipal corporations — city of New York — taxpayer's action under General Municipal Law, § 51, to restrain commissioner of plant and structures of city of New York from awarding contract for repairs of all municipal ferryboats in amount exceeding $1,000 without competitive bidding in violation of Greater New York charter, § 419 — motion for temporary injunction — under Greater New York charter, § 419, board of aldermen may dispense with competitive bidding only for particular job — resolution is invalid under Greater New York charter, § 419, which authorizes commissioner of plant and structures to make contracts for repairs for all municipal ferryboats without public bidding to amount not exceeding $10,000 for each boat — discretion of board must be exercised in each particular case — all repair work for all ferryboats is not work for "particular job" or supply for "particular purpose" — said contract is not for "supplies" — fact that plaintiff is unsuccessful bidder for work does not affect right to bring action — temporary injunction granted.

The plaintiff should have been granted a temporary injunction in this taxpayer's action instituted under section 51 of the General Municipal Law to restrain the commissioner of plant and structures of the city of New York from awarding a contract for the repair work on one of the municipal ferryboats for an amount exceeding $1,000, without open public competitive bidding, since the execution of such a contract would be in violation of section 419 of the Greater New York charter, and the payment thereunder of the contract price would constitute a waste of city funds, for while section 419 of the Greater New York charter authorizes the board of aldermen, by a three-fourths vote, to empower the commissioner of plant and structures to dispense with public competitive bidding in its discretion as to "a particular job," or for any supply needful "for any particular purpose," the board of aldermen did not have the power to pass a resolution empowering the commissioner of plant and structures to

contract for repairs of all the municipal ferryboats, steamers and other floating equipment, in the open market without public letting to an amount not to exceed $10,000 per boat.

The discretion vested in the board of aldermen under section 419 of the Greater New York charter to dispense with the necessity for a public competitive bidding applies only to a particular or single job and does not give the board of aldermen the power to pass a blanket resolution dispensing with public competitive bidding for repairs on all the municipal ferryboats of the city of New York.

All repair work for all the ferryboats, steamers and other craft under the control of the commissioner of plant and structures is neither work for a " particular job " nor a supply for a " particular purpose," within the meaning of section 419 of the Greater New York charter, but constitutes as many different jobs or pieces of work as there are boats and other craft or contracts to be let, and, therefore, the board failed to exercise its discretion in reference to the particular boat in question in this proceeding.

There is no force in the contention that the contract in question is for " supplies " and not for " work."

The fact that the plaintiff is an unsuccessful bidder for the contracts for the repair work on the municipal boats does not affect its right as a taxpayer to bring this action.

APPEAL by the plaintiff, James Shewan & Sons, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of December, 1924, denying the plaintiff's motion for a temporary injunction.

*Foley & Martin* [*Patrick J. Dobson* of counsel; *William J. Martin* with him on the brief], for the appellant.

*George P. Nicholson, Corporation Counsel* [*Joseph L. Pascal* of counsel], for the respondents.

DOWLING, J.:

This is an appeal by the plaintiff from an order denying plaintiff's motion for a temporary injunction in a taxpayer's action for an injunction under section 51 of the General Municipal Law, restraining the defendants, during the pendency of the action, from awarding a contract for the repair work of the ferryboat *President Roosevelt,* under the direction of the commissioner of plant and structures of the city of New York, for an amount exceeding $1,000, on the ground that the contract therefor is about to be let without open public competitive bidding, in violation of section 419 of the Greater New York charter.

The following facts alleged in the complaint are supported by the moving affidavits and are either admitted or not denied: The defendant, the commissioner of plant and structures of the city of New York, was about, in November, 1924, to enter into a contract for the work of repairs to the ferryboat *President Roosevelt* exceed-

ing $1,000 in value. It was his intention to award said contract without previously having solicited bids therefor by public notice. He has refused to allow the plaintiff to bid for the said work and to allow the plaintiff to have access to the plans and specifications therefor in order to bid thereon. It was his intention to award said contract in the name of the city of New York without advertising for bids and to enter into a contract for the said repair work, exceeding in value the sum of $1,000, to a contractor selected by him, and to make known the award of such contract on November 15, 1924.

Not only are these allegations not denied, but the defendants in their answer admit that the contract is to be awarded without a public competitive bidding.

The answer sets up:

" 2. That on June 3, 1924, the Board of Aldermen of the City of New York by a vote of three-quarters of the members elected to that Board granted the aforesaid application and duly adopted the following resolution:

" ' *Resolved,* That, in pursuance of the provisions of Section 419 of the Greater New York Charter, the Commissioner of Plant and Structures be and he hereby is authorized and empowered to contract for repairs to the hulls and underwater working parts of municipal ferryboats, steamers and other floating equipment and for emergency repairs to such vessels, in the open market without public letting, to an amount not to exceed $10,000 per boat, within the limits of funds and available for the work.' "

And it is further averred therein:

" 4. That the work of repairs of the ferryboat ' President Roosevelt,' alleged in the complaint herein is to be done under and in pursuance to the aforesaid resolution of the Board of Aldermen of the City of New York."

It appears by the affidavit of the defendant Mills as follows:

" That the maintenance of the ferry boat fleet in a safe and efficient operating condition requires and demands that such vessels shall, at least once a year, be drydocked for scraping, scaling, painting and the making of necessary repairs to the parts of such vessels situated below the water line.

" That the performance of the aforesaid necessary repair work on said vessels can be undertaken only at such times and for such periods as the exigencies incident to the maintenance of a continuous proper ferry service in the City of New York will permit of the withdrawal therefrom of vessels for the purpose of making such repairs.

" That it requires careful management of this fleet of 38 boats in satisfactory condition to keep within appropriation made for this purpose."

It thus is shown that the effect of this resolution in question is to authorize the commissioner of plant and structures to award, without public competitive bidding, contracts for repairs on these thirty-eight municipal boats up to the aggregate of $380,000, within the limits of the appropriation.

Section 419 of the Greater New York charter provides as follows: " Whenever any work is necessary to be done to complete or perfect a particular job, or any supply is needful for any particular purpose, which work and job is to be undertaken or supply furnished for the city of New York, and the several parts of the said work [or supplies] shall, together, involve the expenditure of more than one thousand dollars, the same shall be by contract, under such regulations concerning it as shall be established by ordinance or resolution of the board of aldermen, excepting such works now in progress as are authorized by law or ordinance to be done otherwise than by contract, and unless otherwise ordered by a vote of three-fourths of the members elected to the board of aldermen; and all contracts shall be entered into by the appropriate borough president, and heads of departments, and shall, except as herein otherwise provided, be founded on sealed bids or proposals, made in compliance with public notices, duly advertised in the City Record, and the corporation newspapers, and said notice to be published at least ten days; if a borough president or the head of a department shall not deem it for the interest of the city to reject all bids, he shall, without the consent or approval of any other department or officer of the city government, award the contract to the lowest bidder, unless the board of estimate and apportionment by a three-quarter vote of the whole board, shall determine that it is for the public interest that a bid other than the lowest should be accepted; the terms of such contract shall be settled by the corporation counsel as an act of preliminary specification to the bid or proposal." (Laws of 1901, chap. 466, § 419, as amd. by Laws of 1906, chap. 598; Laws of 1910, chap. 554, and Laws of 1922, chap. 661.)

I am of the opinion that the effect of this section, as applicable to the situation now presented for consideration, is as contended by appellant. That is, that the power of the board of aldermen to dispense with public letting is discretionary, to be exercised by the board in the case of each boat to be repaired, and each contract to be let, and can neither be delegated nor exercised in advance by a general resolution applying to all " ferryboats, steamers and other floating equipment." The general resolution of June 3,

1924, confers no power on the commissioner to dispense with public letting in the case of the separate, distinct and independent contract now proposed to be made to repair the *President Roosevelt.*

The power to dispense with public letting, now resident under section 419 of the Greater New York charter of 1901 (as amd. *supra*) in the board of aldermen, was under the city charter of 1873 (Laws of 1873, chap. 335, § 91) and the Consolidation Act of 1882 (Laws of 1882, chap. 410, § 64, as amd. by Laws of 1893, chap. 327) vested in the common council, and under the Greater New York charter of 1897 (Laws of 1897, chap. 378, § 419) was committed to the municipal assembly.

In *Matter of Emigrant Industrial Savings Bank* (75 N. Y. 388) the provision as it existed in 1873 was before the court. There the common council had directed by a three-fourths vote the work of improving One Hundred and Forty-fifth street, and in the same ordinance and by the same vote directed the work to be done " in such manner as the said commissioner [of public works] may deem expedient and for the best interests of the city and property owners." It was in fact done by the day's work without a contract involving an expenditure of over $107,000.

The Court of Appeals held that the common council had no power to dispense with the requirement as to public letting in that manner, and that it was for that body in the case of work for any particular job or of supplies for any particular purpose to decide in each particular case whether the provision as to public letting should be dispensed with.

The court said (at p. 390): " The provisions of section 91 in our judgment imperatively require, that where an aggregate expenditure of more than $1,000 is involved in the completion in all its parts of any particular job, to be undertaken for the corporation, or in obtaining supplies to be furnished to it for any particular purpose, the same shall be by contract to be awarded to the lowest bidder after advertisement for sealed proposals, unless otherwise ordered by a vote of three-fourths of the members elected to the common council. * * *."

And again (at p. 394): " We think that its intention plainly was to prohibit the incurring of expense by the corporation for work or supplies, where the aggregate expense of all work necessary for the completion of any particular job in all its parts or of supplies required for any particular purpose should exceed $1,000, without publicly inviting competition and awarding a contract to the lowest bidder giving security for its performance. As cases might arise where from the nature of the work, or other circumstances, it would be either impracticable or unsuitable to contract for the

work or supplies in that manner, a discretion was lodged in the common council empowering them to direct otherwise in such special cases, but this discretion was carefully guarded by providing that it could be exercised only by the concurrent vote of three-fourths of all the members elected."

It was urged in that case that inasmuch as the common council had directed that the work " be done in such manner as the said commissioner may deem expedient and for the best interests of the city and property owners," this was in effect directing the commissioner to do the work without public letting and without contract, but the Court of Appeals held that, assuming that the language was capable of that construction, the common council must itself decide in each particular case as to whether or not public letting should be dispensed with, saying (p. 393): " The law confers upon the common council the power and duty of deciding in each particular case whether those provisions shall be dispensed with, and requires a vote of three-fourths of all the members elected, to accomplish that purpose. This is eminently a discretionary power which cannot be delegated. It is their judgment which the law requires and not that of any officer they may designate."

A similar provision in section 64 of the Consolidation Act of 1882 was under consideration by the Court of Appeals in *Phelps* v. *Mayor* (112 N. Y. 216). There an ordinance had been passed by the common council similar to the one in *Matter of Emigrant Industrial Savings Bank* (*supra*) and under that ordinance the commissioner of public works let a contract without public letting to a contractor for work involving an expenditure of $140,000. The court held that the common council had no power to pass the ordinance and that it was void on its face (p. 221), and that the assessment for the expense of the work was illegal. In quoting from the opinion in *Matter of Emigrant Industrial Savings Bank* (*supra*) the court said (at p. 220): " The reasoning of the learned judge is conclusive.   *   *   * In this case, the mode of performance of an important and expensive work was, by the language of the ordinance, left to the sole discretion of the commissioner of public works; when it was the imperative duty of the common council to provide specifically as to how it should be done."

I am of the opinion that the resolution which the board of aldermen, by a three-fourths vote, may pass under section 419 of the Greater New York charter, is limited to work " necessary to be done to complete or perfect a particular job," or as to any supply " needful for any particular purpose; " that the discretion of the board is to be exercised in each particular case by an appropriate ordinance or resolution; and that the board cannot, in effect, nullify

the salutary provisions for requiring contracts exceeding $1,000 to be let by public competitive bidding, by conferring power in advance upon a commissioner to award contracts far in excess of such amount without such bidding. To permit the conferring of such an unrestrained power to award contracts by private favor and without regard to public competition, would be to invite a return of the unfair and disastrous results to the city which section 419 was meant to prevent.

The charter provision was intended to limit the departure from the wholesome requirement for public letting to such particular and specific cases as to the board of aldermen might seem to justify a relaxation of the rule in a special case. If the board had power to pass such a sweeping generalization as the resolution in question, there is no reason why it could not equally well have passed a resolution entirely exempting the department of plant and structures from the provision of section 419, and thus repealing that section *pro tanto*. I find no warrant in the section for such a construction.

Furthermore, I find that appellant is correct in its further contention that all repair work for all the ferryboats, steamers and other craft under the control of the commissioner of plant and structures is neither " work for a particular job " nor a " supply for a particular purpose," but constitutes as many different " jobs " or pieces of work as there are boats and other craft or contracts to be let, and the board has failed to exercise its discretion in each particular case, or in the case of the separate contract now about to be let to repair the *President Roosevelt*.

Nor is there any force in the contention that this contract is for " supplies " and not for " work." The complaint characterizes the contract as pertaining to " repair work," and " work of repairs," and the answer also terms it " work of repairs."

Having reached the conclusion that the contract in question is beyond the authority of the commissioner, illegal and void, a waste of the city's funds was threatened thereunder, and the action is maintainable and a temporary injunction should have been granted. (*Ziegler* v. *Chapin*, 126 N. Y. 342; *Peck* v. *Belknap*, 130 id. 394; *Molloy* v. *City of New Rochelle*, 198 id. 402, 411; *Admiral Realty Co.* v. *City of New York*, 76 Misc. 345; affd., 151 App. Div. 888; affd., 206 N. Y. 110.)

The fact that plaintiff is charged with having been a disappointed seeker after contracts with the department, or even after the contract in question, does not affect its right to bring this action. As was said in *Gage* v. *City of New York* (110 App. Div. 403, 409): " If the plaintiff in a taxpayer's action shows fraud or collusion or

an illegal contract, he is entitled to the favorable consideration of the court although he may have been moved by some private grievance to bring the action." (See, also, *Molloy* v. *City of New Rochelle, supra.*)

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, continuing the temporary injunction restraining the defendants, their deputies, agents and servants from awarding a contract for repair work to the *President Roosevelt* involving an expenditure of over $1,000 without soliciting bids for such contract by open competitive bidding, pursuant to section 419 of the Greater New York charter, and restraining them from refusing to allow the plaintiff to bid on such contract and from refusing the plaintiff access to the specifications and proposals for bids for such contract.

CLARKE, P. J., FINCH and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, as indicated in opinion. Settle order on notice.