Del Balso Construction Corporation and Others, Appellants, *v.* George J. Gillespie and Another, as Members of and Constituting the Board of Water Supply of the City of New York, and Others, Respondents.*

First Department, December 28, 1928.

*Leonard M. Wallstein* of counsel [*Ralph M. Frink* and *Benjamin Menschel* with him on the brief], for the appellants.

*Denis R. O'Brien* of counsel [*J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*, attorney], for the respondents George J. Gillespie and others.

*John F. Collins* of counsel [*Harry S. Bandler* and *Harry Merwin* with him on the brief; *Bandler, Haas & Collins*, attorneys], for the respondent Patrick McGovern, Inc.

McAvoy, J. An application for an injunction *pendente lite* in this cause was denied. The object of the motion was to restrain the board of water supply from taking any proceedings toward the execution or performance of four contracts for the construction of a water tunnel from Yonkers to South Brooklyn, and likewise to enjoin the comptroller from registering or filing the contracts and from paying or causing or permitting to be paid out any money under the contracts. It also made the city chamberlain a party to restrain him from paying out the funds on the warrant of the comptroller. The contracts have already been executed and

delivered to Patrick McGovern, Inc., a corporation to which the contracts were awarded.

The complaint of the plaintiffs shows their grievances against the award to be:

(1) That the requirement in the estimates that bidding checks of $400,000 were to be deposited with bids for each of the contracts, was contrary to chapter 724 of the Laws of 1905, and also prevented full and free competition.

(2) That the successful bidder, the McGovern Company, changed and modified its bids submitted by it and permitted the city to deduct $1,800,000 from its four bids, when it had proposed to reduce its estimates by $900,000 upon the four contracts, and that such action was illegal.

(3) That the failure of the board to award contract No. 224 to appellant Carleton Company, and No. 225 to appellant Del Balso Corporation, and the requirement of bidding checks of $400,000 for each of these contracts, and the actual awarding of the four contracts to the McGovern Company were arbitrary and illegal acts committed in bad faith.

Plaintiffs sue as taxpayers, but are more obviously interested in the securing of two of the contracts, on which they were the low bidders when the contracts are considered separately, than they are in saving the taxpayers' money. However, their motive does not alter their right to the remedy if their allegations are proven satisfactorily. Although the board was not compelled to award the contracts to the lowest bidder, it being provided in the Water Supply Act that contracts may be awarded to any one deemed responsible by the board, it did not proceed to act according to its discretion, but did act on the theory that under the four contracts, with the deductions which they claimed were agreed to in the bids, the McGovern Company was the lowest bidder on the whole transaction. The form of bids provided that the bidder must fill in the amounts of the various items of work and the prices at which he estimated the charge to be made. Following the list of the prices and items, there was a form which set out three separate offers to reduce the bids upon the award of an additional contract or contracts to that which was being therein bid upon. The first form for reduction left a blank space for the sum which he agreed should be deducted from the estimates rendered under the contract bid upon if one additional contract was awarded. The second form left a blank space for the sum the bidder would reduce his estimates if that contract and two others were awarded to him; and the third form left a blank space for the sum for which the bidder agreed to reduce his estimates if three other contracts

were awarded to him. Any bidder could bid on one contract, two contracts, three contracts or four contracts, but it was the object of these forms to request him to state the deductions to be allowed if two, three or four contracts were awarded to the same bidder. It was not a requirement that if an additional contract was awarded he must deduct anything. He could make his prices on all four contracts so as to get the awards separately; but obviously this would be more hazardous, since it is a matter of common knowledge that, where the plant and all facilities are arranged for the first contract, and where the removal of such plant and facilities to an adjoining section is not distant, it would cost less to do the work as a single project.

The McGovern Company stated that if they were awarded the first and second contracts together, they would reduce the estimates for each by the sum of $225,000, that is, they would reduce their bids on both contracts by a total of $450,000. As to the other two contracts, they stated they would make the same deductions, $225,000 if either one was awarded in addition to the other, that is, from both a total of $450,000. In the 3d clause of the proposed deduction forms, the McGovern Company stated in respect of the three additional contracts besides any one of the others, that it would deduct $225,000 from each. With $450,000 deducted from each contract, its bid totalled on all four contracts, $42,692,567.50. This was $14,000 and some hundred dollars more than the combined bid of the Carleton Company, Del Balso Corporation, and the McGovern bids on two contracts which were the low bids on the contracts taken separately.

Upon the examination of the McGovern Company's officer as to its qualifications, experience and ability to do the work, he stated that his proposal contemplated taking $225,000 off contract No. 224 if he got No. 225, and $225,000 off No. 225 if he got No. 224. Like deductions were stated in the proposals as to Nos. 226 and 227 if that pair of contracts were awarded to his company; and if all four contracts were awarded he stated his bid proposed to take $225,000 off each of the bids additional to those deductions by which he was willing to reduce his bid if he received either of the pair awards. This statement was confirmed by a letter which the McGovern Company wrote to the city and which was required by the board of water supply before awarding the contract to that company. There was thus a deduction made of $1,800,000 from the total bids of the McGovern Company, and it was awarded the four contracts.

As to the point raised concerning the amount of the deposit required, the board is permitted by the statute (Laws of 1905, chap.

724, § 28) to require that there shall be deposited a certified check to an amount not less than five per cent of the amount of the bond or security required for the faithful performance of the work; and the act continues: "such amount need not however, in any case exceed one hundred thousand dollars." Obviously, this section of the act does not prohibit a requirement for a bidding check in excess of $100,000. If it was intended that the maximum amount for a bidding check on such a contract should be $100,000 this language does not accomplish that effect. There was apparently a discretion lodged in the board as to the amount of the bidding checks to be required, unrestricted by this alleged limitation. Nobody who submitted bids made any complaint about the requisite amount of the bidding check, nor did any one who failed to submit a bid make complaint that this sum was too much for a responsible bidder on so large a contract to secure.

On the four contracts there were bids by sixteen different concerns and twenty-seven bids were submitted. There were seven on the first contract, nine on the second, six on the third, five on the fourth, each one submitting a bidding check of $400,000.

The estimated cost by the engineers of the board of water supply for the four contracts was $13,500,000 on each contract, or $54,000,000 in all. Bidding checks of five per cent of this total for all four contracts would have been $2,700,000, whereas the total required under the contracts was only $1,600,000. It cannot be said that this was discriminatory in so large a contract.

As to the alleged change in the bids, the intention of the McGovern Company is apparent to allow a deduction of $225,000 each on the four contracts in addition to each of the $225,000 deductions from the total sums estimated if the contracts were awarded in pairs, because the McGovern Company, after filling out the blanks with respect to the contracts if awarded in pairs, also filled out the blanks referred to with respect to an award of three additional contracts, which states that if the other three contracts shall be awarded, there will be a deduction of $225,000 on the four contracts amounting to $900,000. These latter clauses in each contract follow each reduction for the pairs, and state that the bidder agrees that in case the four contracts are awarded, there will be $225,000 deducted on each contract. There could be no purpose in filling out the blanks permitting the additional $225,000 items to be deducted if the four contracts were awarded, if it only intended the first $225,000 items were to be deducted. Filling out further blanks would be superfluous, because the company had already indicated that there should be a reduction of $900,000 if the contracts were awarded in pairs.

The chief engineer, the consulting engineer and the chairman of the board of water supply aver in affidavits that their interpretation of the bids was that the deductions if the four contracts were awarded would be $1,800,000.

In any event, there is no loss to the city. There was only one other contractor who bid for the four sections. Its bid aggregated over $53,000,000. It offered a deduction of $1,910,000. The bids of the McGovern Company on the four sections without the deductions amounted to $44,000,000 and over, and with the deductions of $1,800,000 were nearly $9,000,000 less than the combined bids of the other contractor. Nobody was prevented from bidding on the four contracts, nor has any one claimed that McGovern Company's bid on the four contracts would do harm to the taxpayers; thus no elements necessary to the maintenance of a taxpayer's suit are present. The board was not compelled to let any one of the contracts to the lowest bidder. If it intended to favor this bidder, it might have made the award according to the plaintiffs' interpretation as a matter of discretion, and its power could not well be gainsaid.

In order to set aside this award there must be some illegality or fraud shown. None appearing in the complaint or affidavit, we think the order should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.