Anthony J. Di Giovanna, J.
In a taxpayers ’ action plaintiff moves to strike the affirmative defenses of the defendants on the ground that they are insufficient in law. Plaintiff, for the *143 purpose of nullifying the closing of a single interior block of a city street, asserts in its complaint that the closing was not for a public necessity but was for the sole purpose of enabling the defendant Liebmann Breweries to own and control the street for the parking of vehicles used in its business. The complaint has been held to state sufficient facts that the city’s action was unlawful and a waste of its property (5 N Y 2d 200).
The defendants assert as an affirmative defense that the street was closed pursuant to title E of chapter 15 of the Administrative Code of the City of New York and that the taxpayers of the City of New York were given notice of public hearings before the City Planning Commission and the Board of Estimate; that plaintiff did not appear at said hearing or otherwise raise any objection thereto; that accordingly plaintiff is estopped from maintaining the action.
The defendants also assert as an additional affirmative defense that the plaintiff has been guilty of laches in sitting by idly while the City of New York delivered a deed to the street to the defendant Liebmann Breweries and while the latter expended substantial sums of money in closing the street.
These defenses are insufficient as a matter of law in view of the allegations of the complaint. The charge of the plaintiff is that there was a total lack of power in the city to close the street since it was not for a public necessity. If that be the fact the. power assumed by the city cannot be subject to estoppel. (See Schieffelin v. Hylan, 106 Misc. 347, affd. 188 App. Div. 192, affd. 227 N. Y. 593, motion for reargument denied 227 N. Y. 669; People ex rel. Singer Paper Co. v. Edgcomb, 112 App. Div. 604.) Nor may the power be supplied by laches (State Bd. of Administration v. Pasco County, 156 Fla. 37, 43; Weinberger v. Board of Public Instruction, 93 Fla. 470 and cases cited therein).
The defendant Liebmann in addition asserts that the plaintiff is maintaining the action in bad faith out of spite to redress a private grievance growing out of defendant Liebmann Breweries, Inc.’s refusal to purchase plaintiff’s property and its refusal to give plaintiff permission to use the closed street.
This defense is also insufficient as a matter of law. “ If the plaintiff in a taxpayer’s action shows fraud or collusion or an illegal contract he is entitled to the favorable consideration of the court although he may have been moved by some private grievance to bring the action.” (Gage v. City of New York, 110 App. Div. 403, 409-410; see, also, Shewan & Sons v. Mills, 211 App. Div. 687; Del Balso Constr. Corp. v. Gillespie, 225 App. Div. 42, 44, affd. 250 N. Y. 584.)
Submit order.