Marshall E. Livihgston, J.
This is a motion by defendant Holder Driv-Ur-Self, Inc. (Holder) for accelerated judgment in favor of it, pursuant to CPLR 3211. Defendants County of Monroe and Gordon A. Howe aj County Manager of the County of Monroe appeared on the argument and joined in the application.
Defendants County of Monroe and Holder in 1956 entered into an exclusive lease agreement relative to the rental of a portion of the Rochester-Monroe County Airport for an office, parking and advertising space for the operation of a car rental business at the airport. Said lease was for a 10-year period with an option to renew for an additional period of 10 years.
Pursuant to the option to renew, an agreement was made on June 15, 1966 by the County Manager of the County of Monroe, with the approval of the Board of Supervisors, and Holder which continues the lease for an additional period of 10 years with some minor modifications in the amount of rent, as provided for in the original lease.
Plaintiffs brought this action against all defendants seeking: (a) that they be enjoined and restrained from executing a lease and from acting and proceeding thereunder and from performing or seeking the performance of any of the terms, stipulations or conditions contained therein; (b) that the lease dated July 3, 1956 be adjudged and declared to contain no valid option to *294 renew and illegal, null and Void; and (c) such other and further relief to Which plaintiffs may be justly entitled.
Plaintiffs thereafter moved for a preliminary injunction restraining the defendants from entering into the lease without first complying with the provisions of section 352 of the General Municipal Law. This motion was denied by Mr. Justice Brusco on June 29, 1966.
Defendants now move for accelerated judgment on the grounds: (a) that the defense is founded upon documentary evidence; (b) that plaintiffs have no legal capacity to sue; (c) that the danse of action may not be maintained because of res judicata,; (d) that the complaint fails to state a cause of action; (e) that there is no triable issue of fact; and (f) that there is no merit to the cause of action as stated in the complaint.
Defendants contend that plaintiffs are estopped from claiming that the lease dated July 3, 1956 is invalid. In 1964 the individual plaintiff herein brought an action against these same defendants asking that the 1956 lease and .1957 supplemental lease be adjudged and declared illegal, null and void and that these same defendants be enjoined from acting or proceeding thereunder. These defendants answered that complaint, and thereafter made a motion for summary judgment to dismiss the complaint. Plaintiff countered with a cross motion for summary judgment in his favor.
It was against this background that Mr. Justice Blatjvelt, on May 1, 1965, held ‘ ‘ the lease and supplemental lease were made and entered into between the parties, pursuant to the statutory conditions precedent of the General Municipal Law, and that they are legal and valid contracts” (italics supplied) and granted summary judgment dismissing the complaint for lack of merit.
Therefore, defendants claim that the doctrine of res judicata applies and that plaintiffs are now barred from attacking a particular portion of the 1956 lease as invalid when the whole document was or might have been properly under consideration in the prior action.
Plaintiffs now contend in this action that the “ option to renew clause in the 1956 lease is invalid for uncertainty; that it is not subject to a definite standard; and that the defendants, therefore, should be enjoined from executing or operating under the alleged renewal lease of 1966 because there has been no compliance with section 352 of the General Municipal Law, which would be necessary if the renewal clause of the 1956 lease is invalid.
*295 Defendants, in addition to the defense of res judicata, claim that the 1956 renewal clause is valid since it establishes a clear and ascertainable yardstick to measure the rent, and that compliance in 1966 with section 352 of the General Municipal Law is unnecessary.
Plaintiffs have prima facie capacity to bring this action, despite their' obvious interest in the airport concession (Del Balso Constr. Corp. v. Gillespie, 225 App. Div. 42, 44).
Plaintiffs’ present cause of action, reduced to its least common denominator, asserts that the conditions precedent relating to notice and public hearing required by subdivision 5 of section 352 of the General Municipal Law are applicable to the alleged renewal in 1966 of the 1956 lease.
It appears from Resolution No. 277 (section 1, in part) of 1966 by the Board of Supervisors of Monroe County that no compliance with section 352 of the General Municipal Law was contemplated and that it authorized a ‘ ‘ renewal of the lease agreement between the County of Monroe and Holder Driv-UrSelf, Inc., dated July 3, 1956, in accordance with the provisions of the original lease ” (Official Proceedings of the Board of Supervisors of Monroe County, Wednesday, June 15, 1966),
Plaintiffs in substance argue that the gravamen of the prior action was addressed solely to the claimed failure of the county to comply with the General Municipal Law, They urge that Mr. Justice Blauveet’s finding that the leases were “ legal and valid contracts ’ ’ must be read in this context so that the court meant the leases were valid only to the extent that there had been compliance with section 352 of the General Municipal Law. Therefore, reason the plaintiffs, the present attack upon the “ option to renew ” clause of the 1956 lease is justified as being proper because the validity of the renewal provisions was not considered by the prior decision.
I hold that the decision in the prior action is a bar to the present action and that it is conclusive not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first ” (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 306-307). In that case, and with pertinent application to the situation here, the court said (p, 308): The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second. An estoppel is not avoided in such *296 circumstances by mere differences of form between the one action and the other ’
The two actions here are basically the same and only slightly different in form. The first challenged the validity of the 1956 lease, and the complaint at bar challenges a clause of the same lease. It makes no difference in my view that the first action upheld the validity of the 1956 lease, whereas the second action seeks to invalidate and reopen the negotiation of the 1966 renewal lease, because in order to succeed in the present action, the attack upon the validity of the 1956 lease would have to succeed, and such attack is barred by Mr. Justice Blatjvelt’s decision. "
Again in Pray v. Hegeman (98 N. Y. 351, 358) the court said: “ It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision, is for the purpose of the estoppel deemed to have been actually decided ”. (To the same effect, see, also, Ripley v. Storer, 309 N. Y. 506; Maflo Holding Corp. v. S. J. Blume, Inc., 308 N. Y. 570; Israel v. Wood Dolson Co., 1 N Y 2d 116.)
Plaintiffs contend that because the validity of the “ option to renew ’ ’ in the prior action might have been there litigated does not mean there was an obligation to do so. However, this flies in the face of the clear holdings of the settled law that the prior judgment is determinative of all matters litigated and those which might and probably should have been so litigated.
In the case at bar judgment in favor of the plaintiffs would invalidate the 1956 lease on which defendants’ present rights depend. These are now protected by the earlier judgment (Ripley v. Storer, 309 N. Y. 506, supra).
Plaintiffs also point out that the parties here are not the same. However, the corporate plaintff is bound by the former judgment. It was a taxpayer’s action by the individual plaintiff herein against the county, and as such, is binding on Rochester Truck Rental, Inc. (Ashton v. City of Rochester, 133 N. Y. 187).
The moving papers show, and it is not controverted, that plaintiff'Warren is the sole or major stockholder of plaintiff Rochester Truck Rental, Inc., and therefore, he: “will not be permitted to use the corporate cloak as a means to avoid the finality of the former adjudication to which he was a party * *• * The [plaintiff] * * * corporation must be deemed to have been in privity with [Warren] * * * and, therefore, the decision of the * * * court is binding upon it also ”. *297 (McNamara v. Powell, 256 App. Div. 554; see, also, Matter of Shea, 309 N. Y. 605.)
There is another reason why plaintiffs’ canse of action here must fail. The 1956 renewal clause in my opinion provided a substantial, definite and objective yardstick as to time and amount of the rental payment. Approximately 93% of the rental value of the lease was by its terms to remain the same, if the parties agreed to renew. The remaining 7% was to be negotiated. This was deemed to include only the space rental in the airport building, advertising and parking space, and the rental therefor was to be comparable with like monthly payments required of other tenants on the premises.
This I believe specifically sets forth an objective standard with which the parties could with certainty agree. The proof of this is that they did agree on the terms under this clause. It is interesting to note that all the cases where the challenges of uncertainty and indefiniteness of terms and rental amount are raised are significantly between the lessor or successor and the lessee or sublessee. The argument that the terms are uncertain and therefore unenforceable and void is always raised in the cases by one of the parties to the lease. It has never been raised by a stranger to the lease.
Finally, since the 1956 lease is valid, the renewal option therein was exercised without the necessity of complying with section 352 of the General Municipal Law, and the defendants having determined and agreed to the rental under the renewal lease, it follows that defendants must have judgment dismissing the plaintiffs’ complaint.