OPINION OF THE COURT
 

 Meyer, J.
 

 Assignment of a taxpayer’s action to one not shown to be himself a taxpayer is the transfer of a claim in contravention of public policy and, therefore, proscribed by subdivision 3 of section 13-101 of the General Obligations Law. Because the assignee, appellant at the Appellate Division and in our court, was, as a result, without standing to maintain the action, the appeal should be dismissed and the matter should be remitted to the Appellate Division with directions to dismiss the appeal to that court.
 

 The present action grows out of an article 78 proceeding by George C. Weimer, Jr., against the board of education and two of its employees, Frank Lo Prestí and Joseph Barton, in which a third employee, I. David Bergrin, intervened as a defendant. In the earlier action Weimer charged that he had been improperly removed from the school district payroll through the adoption by the board of a reorganization plan which abolished his position as assistant superintendent for business affairs, and created in its place two new positions of administrator for operations and business manager; that though he had greater seniority than defendant Lo Prestí, who was also an assistant superintendent, he, Weimer, rather than Lo Prestí, had been removed; that his position and the two new positions were within the same tenure area and although he was entitled to one of them the board had appointed defendant Barton
 
 *151
 
 administrator for operations and proposed to appoint someone other than Weimer as business manager.
 
 [1]
 
 Weimer’s petition asked reinstatement to his former position, or in the alternative, appointment to the other assistant superintendent position or to either the position as administrator for operations or as business manager. The petition having been dismissed by Special Term, Weimer appealed to the Appellate Division, which reversed, directed that he be offered either of the two positions last above mentioned and remitted the matter for determination of the back pay to which he was entitled. The judgment entered after the back pay determination is now pending appeal in this court.
 

 In February, 1978, while the article 78 proceeding was pending undetermined, the present action was begun by David and Sandra Burner against the board of education and Lo Prestí, Barton and Bergrin, among others. The complaint alleged that at all relevant times “plaintiffs were and continue to be residents and taxpayers” of the school district. The gravamen of the action is that the board of education illegally expended funds and committed waste in authorizing the employment at district expense of attorneys to represent Lo Prestí, Barton and Bergrin in the earlier action. The board defended the present action on the ground that it had acted legally in employing attorneys for the three named employees and that the Burners were not the real parties in interest. The Burners having moved for a preliminary injunction and for summary judgment, Special Term denied both motions and granted defendants summary judgment dismissing the complaint. Its decision made no mention of the real party in interest defense, presumably because the complaint was, in any event, being dismissed.
 

 An appeal was then filed to the Appellate Division by George C. Weimer, Jr., “as assignee of all the rights title and interest of David Burner and Sandra Burner.” The record does not contain the assignment instrument and the statement pursuant to CPLR 5531 (both at the Appellate Division and in this court) states only that appellant is “the assignee of the causes of action by the original plaintiffs,
 
 *152
 
 David Burner and Sandra Burner.” The Appellate Division affirmed, without reaching the question of standing, on the opinion at Special Term, one Judge dissenting. The dissenting Judge found standing on the part of the Burners in section 123-b of the State Finance Law and authority for them to assign their rights to Weimer in section 13-101 of the General Obligations Law. We hold that it is contrary to public policy for a taxpayer’s action to be assigned to one who is not shown by the record to have been a taxpayer at the relevant time and therefore dismiss the appeal and remit to the Appellate Division with directions to dismiss the appeal to that court.
 

 The right to maintain a taxpayer’s action is governed by both judicial decision and legislative enactment
 
 (Wein v Comptroller of State of N. Y.,
 
 46 NY2d 394, 398-399). As we held in
 
 Wein,
 
 to the extent applicable a legislative enactment will control, but in matters not covered by a statute common-law principles govern. In the instant case, the result is the same whether considered as a common-law or a statutory matter.
 

 The Burners’ complaint does not indicate whether they proceeded on statutory or common-law authority. The statutory avenues conceivably open to them are article 7-A of the State Finance Law, section 51 of the General Municipal Law and section 102 of the Civil Service Law. It is not necessary to decide whether any of these is broad enough to encompass the particular grievance the Burners allege,
 
 [2]
 
 
 *153
 
 for the status allegations essential to their complaint can be assumed* *
 
 [3]
 
 for purposes of this opinion. As for the common-law action, the tortuous route by which such actions, long in disfavor with our court, finally came to be recognized in
 
 Boryszewski v Brydges
 
 (37 NY2d 361) and by statute (L 1975, ch 827) is traced in
 
 Wein v Comptroller of State of N. Y.
 
 (46 NY2d 394) and
 
 Matter of Urban League of Rochester, N. Y. v County of Monroe
 
 (49 NY2d 551; see, also, Siegel, New York Practice, § 136, p 169) and need not be reiterated here. Suffice it to note that while, as the
 
 Urban League
 
 case exemplifies, not every grievance can be aired in a common-law citizen-taxpayer action, and while the kind of taxes paid that will qualify a citizen to bring a common-law action have been assumed rather than fully articulated, the one common thread running through the decisions is that only one who is in fact a taxpayer may maintain such a common-law action. Thus, whether a statutory or a common-law action be pursued, taxpayer status is a
 
 sine qua non.
 

 Appellant Weimer argues that the action was commenced by taxpayers and that his motivation in obtaining assignment of the action and prosecuting the appeal is irrelevant. That a taxpayer’s action plaintiff has a personal, as well as a public benefit, motive does not disqualify him
 
 (Molloy v City of New Rochelle,
 
 198 NY 402, 411,
 
 Del Balso
 
 
 *154
 

 Constr. Corp. v Gillespie, 225
 
 App Div 42, affd 250 NY 584;
 
 Shewan & Sons v Mills,
 
 211 App Div 687;
 
 Gage v City of New York,
 
 110 App Div 403; 18 McQuillin, Municipal Corporations [3d ed rev], § 52.11), but a taxpayer who permits his status as such to be used by an unqualified person for the latter’s ulterior purpose does not act in good faith and will not be accorded standing
 
 (Nathan v O’Brien,
 
 117 App Div 664;
 
 Hull v Ely, 2
 
 Abb NC 440;
 
 Vadakin v Crilly,
 
 18 Ohio Cir Ct 634, affd 73 Ohio St 380; contra
 
 Goshert v City of Seattle, 57
 
 Wash 645;
 
 R. D. Lamar Inc. v Ray,
 
 132 Fla 704; see McQuillin,
 
 loc.. cit.,
 
 supra)..Moreover, if a taxpayer’s action plaintiff loses his status as such during the pendency of the action, the action abates
 
 (State ex rel. Allen v Board of Educ.,
 
 206 Okla 699;
 
 Baugh v Little,
 
 140 Okla 206) unless another person qualified to bring the action is substituted as plaintiff and continues the action
 
 (Phillips v Brandt,
 
 231 Minn 423; see 74 Am Jur 2d, Taxpayers’ Actions, § 54, at p 271). Intervention in such a proceeding is limited to one who was qualified to bring the action at the time it was begun
 
 (Coyne v City of Yonkers, 57
 
 Misc 366; see
 
 Morris v City Council of Augusta,
 
 204 Ga 26;
 
 Carney v City of Grinnell, Iowa,
 
 53 F2d 44; 74 Am Jur 2d, Taxpayers’ Actions, § 55, at p 272) or who has standing not as a taxpayer but because he is directly and substantially affected by the issue being litigated (CPLR 1012; see
 
 Matter of Burke v Sugarman,
 
 35 NY2d 39;
 
 Williams v Morgan,
 
 111 US 684).
 
 [4]
 

 The explanation behind these rulings and our decision in the present case is to be found in the reason for granting standing to taxpayers, which is that failure to do so “would be in effect to erect an impenetrable barrier to any judicial scrutiny of” legislative or executive action
 
 (Boryszewski
 
 
 *155
 

 v Brydges,
 
 37 NY2d 361, 364,
 
 supra; Matter of Burke v Sugarman, supra,
 
 at p 45; see
 
 Faden v Philadelphia Housing Auth.,
 
 424 Pa 273; 74 Am Jur 2d, Taxpayers’ Actions, § 1, at p 182) and the belief that “the taxpayer, as the ultimate bearer of the burdens” of the governmental agency involved should have a remedy against burdens unjustly imposed
 
 (Queens County Water Co. v Monroe,
 
 83 App Div 105, 108). There is no “impenetrable barrier” when there are clearly many others than Weimer who meet the requirements qualifying them to challenge the board’s actions (see
 
 Wilt v
 
 Beal, 26 Pa Commw Ct 298). What prompted the earlier barrier to such actions in this court, moreover, was fear of the disruption of governmental functions that could ensue
 
 (Doolittle v Supervisors of Broome County,
 
 18 NY 155, 162; Jaffe, Standing To Secure Judicial Review: Private Actions, 74 Harv L Rev 1265, 1291-1292; Note, 36 Albany L Rev 203, 213) and a reluctance to countenance “interference by one department of government with another”
 
 (Schieffelin v Komfort,
 
 212 NY 520, 530). While the supposed interference has been shown to be more apparent than real
 
 (St. Clair v Yonkers Raceway,
 
 13 NY2d 72, 80 [Fuld, J., dissenting]; see Davis, Standing: Taxpayers and Others, 35 U of Chicago L Rev 601, 634-635; Note, 36 Albany L Rev 203, 209), it took the excesses of the Tweed administration in New York City to bring about legislation opening the courts to review of municipal action
 
 (Ayers v Lawrence,
 
 59 NY 192) and another hundred years before the Legislature and our court authorized a system of review on the State level (L 1975, ch 827;
 
 Boryszewski v Brydges,
 
 37 NY2d 361,
 
 supra).
 
 Notably also none of the changes, legislative or judicial, have accorded standing to nontaxpayers, there being no perceived necessity for doing so. To permit a taxpayer to begin an action in which he in effect represents himself and all other taxpayers and then assign it to a nontaxpayer is contrary to the declared policy of both the Legislature and the courts and goes far beyond the purpose for which such actions have been allowed. As a matter of public policy, a taxpayer’s grievance does not exist apart from his status as a taxpayer and, therefore, may not be assigned except to another who has such status. In
 
 *156
 
 effect, what the Burners sought by their assignment was to give Weimer their status as well as their grievance. Status being personal and not assignable, the attempt to circumvent the status requirement by assigning the claim to Weimer was contrary to public policy. Weimer was, therefore, without standing to appeal.
 

 For the foregoing reasons, the appeal should be dismissed with directions, as above indicated, with costs.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Appeal dismissed, with costs, and case remitted to the Appellate Division, Second Department, with directions to dismiss the appeal to that court.
 

 [1]
 

 . Defendant Bergrin was thereafter appointed business manager and then intervened.
 

 [2]
 

 . The State Finance Law only authorizes an action concerning “a wrongful expenditure * * * of state funds” (§123-b, subd 1;
 
 Wein v Comptroller of State of N. Y.,
 
 46 NY2d 394, 398,
 
 supra; Matter of Sullivan v Seibert,
 
 70 AD2d 975). Education is a State function, but a school district expends both moneys received through State grant and moneys raised in the exercise of its own taxing powers. If the funds it expends are regarded as school district and not State funds, article 7-A of the State Finance Law is inapplicable. Whether section 51 of the General Municipal Law applies to school districts is, however, not entirely clear.
 
 Lewis v Board of Educ.
 
 (258 NY 117) recognized the hermaphroditic nature of school districts, but held that to the extent that a city board of education expended city funds it was subject to suit under section 51 of the General Municipal Law. That holding was, however, overruled in
 
 Schnepel v Board of Educ.
 
 (302 NY 94). It may be, however, that the enactment of section 66 of the General Construction Law, subdivision 2 of which classifies a school district as a municipal corporation, has brought school districts once again
 
 *153
 
 within section 51 of the General Municipal Law, however, notwithstanding
 
 Sehnepel.
 
 Since the Burners were entitled to proceed under either one or the other, we need not decide for purposes-of this case which covered their grievance.
 

 [3]
 

 . Qualifications under the State Finance Law are residence in the State and past or present payment of State income or sales taxes (§ 123-a). Section 51 of the General Municipal Law limits the right it grants to persons or corporations “whose assessments shall amount to one thousand dollars, and who shall be liable to pay taxes on such assessment in the county, town, village or municipal corporation” and is thus limited to payment of real estate taxes
 
 (Food Mart Assoc. v City of New York,
 
 64 Misc 2d 971, affd 36 AD2d 693) but does not require residence
 
 (Steele v Village of Glen Park,
 
 193 NY 341). Section 102 of the Civil Service Law requires that plaintiff be “a citizen resident of the state, who is assessed for and is liable to pay, or within one year before, the commencement of the action has paid a tax therein”. The Burners’ allegations that they are residents and taxpayers qualifies them, therefore, under either of the two last-mentioned statutes in all respects except the $1,000 assessment requirement of section 51 of the General Municipal Law. For purposes of this opinion we assume the Burners’ assessment to have exceeded $1,000.
 

 [4]
 

 . Thus, had Weimer’s earlier article 78 proceeding been brought by a taxpayer as an action to prevent waste, Weimer could intervene in it because of his direct interest in his position as assistant superintendent and in the assertion of his tenure rights. In the instant action, however, his interest in blocking payment of counsel fees is both indirect and insubstantial and would not support intervention by him, Moreover, though respondent’s brief challenged Weimer’s standing to bring the appeal on the ground that he had not alleged that he was an aggrieved resident taxpayer, Weimer’s reply brief failed to respond to that challenge, and nothing in the assignment papers or in his CPLR 5531 statement alleged that he had the required status.