■ EMERSON K. DEVITT, Appellant, v. ULSTER COUNTY BOARD OF REALTORS, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Sullivan County, entered upon a decision of the court at a Trial Term, without a jury, dismissing appellant's application, in a proceeding brought under CPLR article 78, to compel respondent to accept him into its membership as an active member. There are some 200 licensed real estate brokers in Ulster County, of which 54, or 27%, are members of respondent. Appellant, a licensed real estate broker, argues that because of certain definite advantages in membership, he is unable to make a living on an equal competitive basis with members of the respondent and, therefore, respondent should be compelled to admit him. It is well settled that the courts of this State will interfere in these matters only when there is a showing of "economic necessity" for membership and that the membership corporation is a party to a monopoly (*Matter of Salter* v. *New York State Psychological Assn.*, 14 N Y 2d 100, 106–107; *Matter of Kurk* v. *Medical Soc. of County of Queens*, 24 A D 2d 897, affd. 18 N Y 2d 928). To establish "economic necessity", a petitioner must demonstrate that he cannot successfully continue in his profession without membership in the corporation or association (cf. *Matter of Salter* v. *New York State Psychological Assn.*, *supra*, p. 107). It is not enough, as petitioner contends, to show he is unable to "make a living on an equal competitive basis with members of the respondent." On the instant record, the trial court could properly find that appellant is successfully engaged in the real estate field in Ulster County and thus that he has not fulfilled his burden of establishing economic necessity. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Reynolds, J.; Aulisi, J., not voting.