A. Franklin Mahoney, J.
In this CPLR article 78 proceeding the Board of Education of the City School District of the City of Poughkeepsie, New York (hereinafter Board) and three individual members of the five-man Board seek an order annulling a determination of the Acting Commissioner of Education (hereinafter Commissioner) which prohibited payment of school district funds for the legal defense of the three individually named board members against removal charges based on allegations of "personal malfeasance or lack of qualification to serve”, and conditionally authorized payment of school funds for their defense against removal charges arising out of their duties as board members upon their obtaining the required certification of good faith.
On October 9, 1974 the three individual petitioners and the Clerk of the Board were served with papers in a proceeding commenced before the Commissioner to remove them, pursuant to the provisions of section 306 of the Education Law. The proceeding named the three petitioners individually and collectively, as a majority of the Board. On October 11, 1974 the Board met and directed the Board’s attorney to represent the three petitioners collectively as the Board majority, but took no action to designate counsel for the petitioners individually. Thereafter, several of the petitioners in the removal proceed *866 ing appealed to the Commissioner, pursuant to section 310 of the Education Law, seeking to stay and rescind any resolution passed at the Board meeting of October 17, 1974, On November 21, 1974 the Commissioner gave his decision wherein he: (1) affirmed the right of the Board to act; (2) ordered that no district school moneys be paid for defense of the three petitioners, acting collectively as a "majority” of the Board, until final determination of the removal proceeding and, then, only after certification by the court or Commissioner that the three petitioners appeared to have acted in good faith with respect to the exercise of their duties; and (3) ordered that no district funds be paid at any time for costs of the defense for the three petitioning school Board members "against charges based on claims of personal malfeasance, or lack of qualifications to serve, regardless of the determination made in relation to such charges.”[1]
It is this determination of the respondent Commissioner, particularly that portion thereof that denies payment of legal counsel for the three petitioners, individually, "at any time” for defense of charges "based on personal malfeasance”, that this proceeding seeks to annul.[2]
Resolution of this first impression issue requires judicial dissection of the provisions of section 3811 of the Education Law to determine legislative intent as that intent reflects policy consideration. Prior to July 1, 1965, section 3811 of the Education Law provided for the funding, at district expense, of all costs and expenses incurred by a trustee, district officer, or board of education in the defense of any action. No provision was provided to pay the costs and expenses of a board member should he be required to defend any action commenced against him individually. Recognizing that school board members serve without pay in a necessary but demanding position and are frequently subjected to suit, the Legislature caused section 3811 of the Education Law to be amended in 1965 so as to provide funding for the costs of legal defense when such members are sued or sought to be removed. Subdivision 1 of *867 section 3811, as now amended, states in pertinent part, that "Whenever any * * * member of a board of education of a school district * * * shall defend any action or proceeding, other than a criminal prosecution * * * hereafter brought against him, including proceedings before the commissioner of education, arising out of the exercise of his powers or the performance of his duties * * * all his reasonable costs and expenses, as well as all costs and damages adjudged against him, shall be a district charge * * * provided that (a) such * * * member of a board of education * * * shall notify * * * the board of education in writing of the commencement of such action or proceedings * * * within five days * * * and (b) the * * * board of education shall, at any time during the ten days next following the notice to them * * * have the right to designate and appoint legal counsel to represent such * * * member of the board of education * * * in the absence of which * * * such * * * member of the board of education may select his own legal counsel; (c) it shall be certified by the court or by the commissioner of education, as the case may be, that he appeared to have acted in good faith with respect to the exercise of his powers or the performance of his duties under this chapter.”
In the absence of any proceedings of a criminal nature against any of the members of the petitioning Board, the removal petition must be regarded as a proceeding against the individual petitioners herein, as board members, respecting their conduct and, as such, is a proceeding "arising out of the exercise of his [their] powers or the performance of his [their] duties”. In consequence thereof, it follows that all reasonable costs and expenses shall be a district charge, provided the challenged members notify the Board within 5 days, and the Board, within the next 10 ensuing days designate legal counsel, or, in the absence of such action, each member may select his own counsel, and the court or Commissioner certify that the member appeared to have acted in good faith with respect to the exercise of his powers or the performance of his duties. Since it is not disputed that the three challenged members notified the Board in writing within 5 days of the service of process upon them, and that the Board, within the next 10 ensuing days, met and designated counsel for the "majority” of the Board but failed to designate counsel for the challenged members individually, which inaction prompted those members to retain their own counsel, it only remains to be seen, *868 after hearing, whether the Commissioner or court shall certify that the individual members sought to be removed "appeared to have acted in good faith with respect to the exercise of his powers or the performance of his duties”. Since it is critical that the Commissioner or court certify, as indicated, before district funds can be expended for legal counsel for board members, it strains credulity, if not due process, to rationalize the Commissioner’s determination that "no payment shall be made from district funds, at any time, for the defense of William Pappas, Martin Kurkhill and Louis Kustas against charges based on claims of personal malfeasance, or lack of qualifications to serve regardless of the determination made in relation to such charges”, since such determination was reached before the removal charges were heard. The holding of the Commissioner in this regard is gratuitous and without meaning or legal consequence, since it merely states that if, after hearing, it should be determined that the charges leveled against the three members amount to "personal malfeasance” which can be equated with conduct not "arising out of the exercise of his [their] duties or the performance of his [their] duties”, they shall not be entitled to the costs and expenses of their defense. The subject statute, section 3811, mandates this result and requires no affirmation by the Commissioner. The wrong perceived by the petitioners is the decretal declaration of the Commissioner that "no payment” shall be made "at any time * * * regardless of the determination made in relation to such charges”. This can only be construed to mean that payment by the district of legal costs is to be denied even if it should be ultimately determined after trial, regardless of the verbiage employed in the charges, that the conduct of petitioners did arise out of the exercise of their powers or the performance of their duties as school board members. It is unnecessary to review the specific charges leveled against the three Board members individually, and separately designate each as an act "arising out of’ or not "arising out of’ the exercise of their powers or the performance of their duties; that is the function of the Commissioner when he conducts a hearing pursuant to section 306 of the Education Law. It is enough at this posture of the matter to observe that the Commissioner, to justify removal, must be satisfied, after a hearing at which the individual board members shall have the right of representation by counsel, that the alleged wrongful acts amount to membership in an organization listed as subservient by the Board of Regents or that the challenged *869 members have been guilty of willful violations or neglect of duty or have willfully disobeyed any decision, order, rule or regulation of the Regents or Commissioner. (See Education Law, § 306.) Since the Commissioner cannot make that determination before he hears the proof, it was error for him to decide, before hearing the removal proceeding, that no district funds at any time can be expended for acts of "personal malfeasance” regardless of the determination made in relation to such charges.
To the extent that the third decretal paragraph of the Commissioner’s order of November 21, 1974 can be interpreted to mean that if the proof offered at the hearing should evidence conduct by the three Board members not in the exercise or performance of their duties as Board members and, therefore, they are not entitled to a legal defense paid for by the district, it is gratuitous and a mere restatement of the generic law set forth in section 3811. To the extent that said third decretal paragraph is a prejudgment that the charges against the three petitioning members are tantamount to acts of "personal malfeasance” ultra vires their duties as Board members and, in consequence thereof, they are not entitled to a defense paid for by the district, it is affected by an error of law and must be annulled.
The petition is granted to the extent that the third decretal paragraph of the Acting Commissioner of Education’s order of November 21, 1974, is annulled. Otherwise, it is denied.
As a footnote, and not to be construed as part of the determinative decision herein, the court feels it necessary to observe that section 3811 of the Education Law, to the extent that it requires certification of good faith by the Commissioner dr the court, can be inadequate to correct the wrong the 1965 amendment was obviously intended to correct. In the absence of an appeal to the Commissioner from the act of the local board in either designating or not designating counsel to act for the Board or its members, neither the individual members nor their attorneys can know if the services rendered are to be paid for by the district until after either the Commissioner or court certifies that the members acted in good faith. It places the individual member of a local board in an extremely hazardous position. If the requisite certification is not forthcoming he can have a heavy legal obligation to meet. Next, in the absence of an appeal, which in itself amounts to an aggrievement, since if affirmed by the Commissioner it would deny to a member the right to representation even before the *870 hearing, it is doubtful if a board member, who has retained his own counsel in the absence of board designation, could acquire the requisite "standing” to maintain an article 78 proceeding to review the board’s failure to designate, since he must await the trial and certification. He would only be aggrieved if the certification were withheld.

. Attorneys for the Board and petitioner Kustas repeatedly aver that the Commissioner reached his conclusion without notice or hearing. None is required when Commissioner entertains an appeal pursuant to section 310 of the Education Law.

. Respondent insists that the subject determination is beyond judicial review because not "purely arbitrary”. That is not the gravamen of this proceeding. Rather, it is whether the Commissioner, acting quasi-judicially, misinterpreted the law so that his determination "was affected by an error of law”.