■ In the Matter of MELVIN FRITZ et al., Respondents, v HUNTINGTON HOSPITAL, Appellant.—In a proceeding pursuant to CPLR article 78 to compel appointment of petitioners to appellant's medical staff, the appeal is from a judgment of the Supreme Court, Suffolk County, entered January 20, 1975, which granted the application. Judgment reversed, on the law, with $20 costs and disbursements, and petition dismissed on the merits. Petitioners are duly licensed to practice medicine and surgery in this State, having graduated from colleges of osteopathy and taken and passed the same New York State examination given to graduates of colleges of medicine. However, their applications for staff membership at the appellant hospital were denied, the basic reason being failure to complete an American Medical Association-approved internship and/or residency. In our opinion, on the facts of this case, appellant's decision is not a subject for judicial interference *(Van Campen v Olean Gen. Hosp.,* 210 App Div 204, affd 239 NY 615; *Leider v Beth Israel Hosp. Assn.,* 11 NY2d 205; *Matter of Shiffman v Manhattan Eye, Ear & Throat Hosp.,* 35 AD2d 709; *Halberstadt v Kissane,* 31 AD2d 568, mot for lv to app den 24 NY2d 740). The common-law rule on the subject is thus strong and clear and was not overruled or changed by section 2801-b of the Public Health Law (L 1972, ch 284, § 1, eff May 15, 1972, and as amd), which provides for investigation by the Public Health Council of specified "improper practices"; nor by section 2801-c of the Public Health Law. If the Legislature had intended plenary court review of the type of decision in issue, it could have so provided (see, for example, Village Law, § 7-712, subd 3 [court review of decisions of zoning boards of appeals]; Education Law, § 6510, subd 4 [court review of decisions of the Board of Regents]; see, however, *Jacobson v New York Racing Assn.,* 33 NY2d 144, 150). Finally, although petitioners assert that they are entitled to court-ordered membership under the doctrine of economic necessity and monopoly power (see *Matter of Salter v New York State Psychological Assn.,* 14 NY2d 100; *Falcone v Middlesex County Medical Soc.,* 34 NJ 582), they have been practicing their profession since 1962, treat an average of over 170 patients per week and enjoy hospital privileges at Syosset Hospital. Under all the circumstances, economic necessity—as distinguished from economic and professional convenience and improvement—is not shown; nor is arbitrariness *(Matter of Kurk v Medical Soc. of County of Queens,* 24 AD2d 897, affd

18 NY2d 928; *Devitt v Ulster County Bd. of Realtors,* 32 AD2d 993). Latham, Acting P. J., Cohalan, Christ and Brennan, JJ., concur.