■ In the Matter of ROBERT C. ATKINS, Petitioner, v MEDICAL SOCIETY OF THE COUNTY OF NEW YORK et al., Respondents.—Determination of respondent New York County Medical Society made on or about April 26, 1974, adjudging petitioner guilty of the "Second Charge" of violation of section 2 of appendix one of the by-laws of the society, and determination of respondent New York State Medical Society made on or about October 3, 1974, affirming the censure of petitioner predicated upon that charge, both unanimously annulled, on the law, and the charge dismissed, without costs and without disbursements. Petitioner, a medical doctor, wrote and caused to be published a book on diet, which sold well. The publisher used petitioner's photograph in connection with promotion of sales. Acting pursuant to its by-laws and regulations, the county society preferred four charges against him of violations of its by-laws in respect of publicity. Petitioner's case was heard by a trial committee of respondent county medical society, which exculpated him of two charges and adjudged him guilty of two. The result was confirmed by the comitia minora of the society, and then appealed internally by petitioner to the judicial council of respondent State medical society. That body reversed the finding of guilt as to one of the remaining charges, but affirmed petitioner's censure on the "Second Charge." This surviving charge was of violation of section 2 of appendix one of the county society's by-laws. The section forbids a physician to "permit his photograph to be published in the public press except (1) when he has received signal honors, (2) when he has been elected to office in an accredited medical organization, (3) when he is acting as a public official, or (4) when authorized by the Censors or the Comitia Minora [the Board of Directors of the County Medical Society]." The charge incorporated by reference certain specifications of unethical conduct set forth in the first charge, the specific violation in that charge having been solicitation of patients by the acts specified. We deal here only with the surviving "Second Charge." Respondents contend that the decisions made by their properly appointed agencies are not reviewable as long as they are consistent with the laws of New York (Not-For-Profit Corporation Law, § 1406, subd [d]). The difficulty with this statement is that the decision herein is not consistent with that law which requires the determination here reviewed to be based on substantial evidence. (See CPLR 7803, subd 4; also cf *Matter of Kurk v Medical Soc. of County of Queens,* 24 AD2d 897, affd 18 NY2d 928.) It is not. Indeed, the evidence is to the opposite effect in that, far from "permitting" use of his picture, petitioner attempted to cause the publisher not to do so, going so far as to commence a lawsuit against the publisher in the United States District Court. The suit resulted in settlement, and the use of the photograph ceased shortly thereafter. These facts do not substantiate the granting of permission to the publisher and cannot be used as the basis for a finding of guilt. Further, there seems to be inconsistency between the results of the proceedings on the first and second charges. The first, in which petitioner had been charged with solicitation of patients by commission of three unethical species of publicity-seeking, resulted in acquittal. The second, by reference, charged the same three acts as constituting permission for the use of his picture. It is difficult to perceive how he could have been, on the same facts, guilty of one charge and innocent of the other. But this is not conclusive. What is conclusive is that he was not proven guilty of permitting use of his picture. The charge failed of proof by substantial

evidence. Concur—Markewich, J. P., Kupferman, Murphy, Lupiano and Nunez, JJ.