John T. Casey, J.
The petitioner and two others, all of whom are members of the Board of .Education of the City School District of the City of Poughkeepsie, were accused before the respondent, the State Commissioner of Education, of divers charges and their removal from the board sought. One member was accused individually of transacting school business with a book store of which his wife was half owner; another was accused of storing a piece of school equipment at his home. The charges against the petitioner were that he was no longer a district resident, that he wrongfully purchased an automobile from a used car dealer who had purchased it at an auction of school vehicles, and that he used school property to conduct a testing program for his own benefit.
The only charge sustained against the petitioner by the commissioner was the illegal use of school premises for his *115 testing program. The respondent commissioner found, however, that this illegality was not willful. All other charges against the other members and the petitioner were not sustained and the respondent certified that all of them in all matters, including the one sustained against the petitioner, acted in good faith. In the case of the other two members the commissioner found that the charges complained of clearly involved the exercise of a power or duty of members of a board of education. In the case of the petitioner, the commissioner found that the charges against him did not relate in any way to the exercise of his powers or the performance of his duties as a member of the board of education. The effect of such finding was to allow the other two members the costs and expenses of defending themselves against the charges made. In the case of the petitioner, he was not allowed such costs and expenses since he was not acting in the course of his official duties.
In this CPLR article 78 proceeding the petitioner requests this court to find that the commissioner’s determination in this regard was purely arbitrary and, therefore, should be reversed and his costs and expenses ordered to be paid as was done with the other two members.
The pertinent provisions of the governing statute, subdivision 1 of section 3811 of the Education Law, provide that "whenever * * * any * * * member of a board of education of a school district * * * shall defend any action or proceeding * * * hereafter brought against him, including proceedings before the commissioner of education, arising out of the exercise of his powers or the performance of his duties under this chapter, all his reasonable costs and expenses, as well as all costs and damages adjudged against him, shall be a district charge and shall be levied by tax upon the district provided that * * * (c) it shall be certified by the court or by the commissioner of education, as the case may be, that he appeared to have acted in good faith with respect to the exercise of his powers or the performance of his duties under this chapter.”
The obvious purpose of such enactment is to provide those who serve in a necessary, demanding but unsalaried position and who are oftimes the targets of lawsuits arising out of their duties with at least the costs and expenses of their defense. There are statutory limitations on such payment, however. Inter alia, the proceeding defended must (1) have *116 arisen out of the exercise of the powers and duties of the office; (2) the board member must be certified by the court or by the Commissioner of Education to have acted in good faith with respect to the exercise of his powers or the performance of his duties.
Herein, although we have a certification of the Commissioner of Education as to the good faith of the petitioner, we also have the denial of counsel fees and expenses to the petitioner since the matters complained of did not in any way relate to the exercise of his powers or the performance of his duties as a board member. This determination, considering the type and kind of the charges brought against the petitioner, cannot be said to be purely arbitrary and, therefore, the petition is dismissed as a matter of law.
It is noted by the court, however, that the limitations imposed by the statute on the reasonableness of the attorney’s fees are inadequate when a majority of a board of education are proceeded against and the charges are dismissed, but found to have arisen in the performance of their duties and their good faith is certified. The statute provides in such a situation the board itself must approve reasonableness. When a majority of the board is charged, as in this case, and the charges are not sustained or substantiated but the good faith of the board members is certified, then it is these same board members, constituting a majority of the board which must approve attorney’s fees and in such case the reasonableness of the expenses is usually not considered important. The only redress in such a case is a taxpayer’s action which is largely ineffectual.' It seems to me that the reasonableness of all fees and expenses should face the scrutiny of a person or panel or body that is not personally involved and it is hoped that the statute would be amended to provide in a case where a majority of the board is involved, for review by the County Judge or a Justice of the Supreme Court.