Elizabeth W. Pine, J.
Petitioner, a teacher, has brought on by order to show cause a petition alleging respondent school district has failed to comply with article 6 of the Public Officers Law, known as the Freedom of Information Law.
Respondent has joined issue with a general denial and has raised specific affirmative defenses. The relief prayed for in the petition differs from the relief requested in the order to show cause. The court will deal with the relief sought in the petition as controlling.
Petitioner alleges that respondent has failed to comply with requests for inspection and copying of certain files and records of respondent in violation of the Freedom of Information Law, and that the respondent has failed to properly promulgate rules and regulations and has failed to maintain and make available a list of records kept.
Petitioner’s challenge to the rules promulgated by respondent pursuant to the Freedom of Information Law and petitioner’s claim that respondent has failed to perform ministerial duties prescribed by law are in the nature of common-law mandamus, and are properly before this court, petitioner’s failure to appeal notwithstanding. (Matter of Wesley Chapel v Van Den Hende, 32 AD2d 565, mod on other grounds 25 NY2d 930.)
Petitioner is not required to appeal a nondiscretionary failure to comply with the law prior to commencing an article 78 proceeding. (Matter of Town of Oxford v Chenango County Bd. of Supervisors, 23 AD2d 951) nor to appeal a challenge to *284 the rules of the very board to whom appeals are to be taken (Matter of Kurk v Medical Soc. of County of Queens, 46 Misc 2d 790, revd on other grounds 24 AD2d 897, affd 18 NY2d 928; see 8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.04).
Respondent would limit information to qualified voters of the district. The Freedom of Information Law broadens the category of those to whom records are required to be made available beyond the disclosure required by section 2116 of the Education Law. Respondent’s reading of section 2116 of the Education Law as a restriction on the Freedom of Information Law is clearly erroneous. Petitioner and her attorney, as well as other persons, whether or not voters or in any way associated with the school district, are intended to be benefited by article 6 of the Public Officers Law. (Public Officers Law, § 85; 21 NYCRR 1401.1 [d]; Matter of Werfel v Fitzgerald, 23 AD2d 306.)
Respondent is directed not to deny access based on section 2116 of the Education Law.
The rules and regulations promulgated by the respondent school district are clearly subject to review by this court. (CPLR 7801, 7803.) The court may determine whether the provisions of the regulations are in violation of lawful procedure, arbitrary, an abuse of discretion or an error of law. (CPLR 7803.)
Respondent has submitted to this court a set of regulations as part of its answer which is in variance with that submitted as part of petitioner’s exhibits. For the purpose of the decision, the regulations as submitted by respondent are deemed the present regulations in effect. No finding is made as to which regulations were in effect at the times petitioner claims in her petition that she was provided copies of the regulations.
The court finds the regulations of the Bradford Central School District as submitted by respondent do not comply with the requirements of law.
Respondent is required to comply with the Freedom of Information Law (Public Officers Law, §85 et seq.) and the rules of the Committee on Public Access to Records (21 NYCRR Part 1401) in full. Failure to comply is noted as follows.
References in 1401 series are to sections of Part 1401 of the rules of the Committee on Public Access to Records (21 *285 NYCRR Part 1401). References to 187 series are to Bradford regulations: Section 1401.2 (a); 187.1 — No business address specified.
Section 1401.2 (b) (1): 1401.6 (c) (1) and (2) — Respondent has failed to maintain an up-to-date subject matter list or index. Reference to a separate schedule called Records Retention and Disposition Schedule No. 1-5-1 is clearly insufficient. A specific list for respondent district is required to be maintained and updated.
Section 1401.2 (b) (2), (3), (4), (5) and (6) — Respondent’s procedures (§ 187.4) are more restrictive than the above and thus in violation of section 1401.1 (b). For example, available records must be made available "promptly” both for copying and inspection. In case of unavailability of records, explanation of the reason in writing is required, and certiñcation regarding records which cannot be located.
The.importance of clearly defined, unrestrictive procedures cannot be overemphasized, since they can so easily be used to thwart the clear intentions of the Freedom of Information Law.
Section 1401.3 — No fiscal officer is designated.
Section 1401.4 — Address of school should be included.
Section 1401.5 — Section 187.3 appears more restrictive than section 1401.5 (a).
Section 1401.6 — Written request may not be required for records which have been customarily available without written request.
Section 1401.7 (a) — No designated person or body to hear appeals. Section 187.5 has a blank and reads: "Appeals shall be directed to the — of the Board of Education.”
Respondent is directed to revise its regulations in compliance with law within 30 days of entry of order herein.
The court notes that by petitioner’s Exhibit C, respondent has agreed to allow petitioner to review her personnel file. As the court assumes this right includes her attorney, the court need make no further order in this area.
Relief granted as set forth herein, with costs to petitioner, in all other respect denied.