OPINION OF THE COURT
Richard F. Kuhnen, J.
This article 78 proceeding was instituted by petitioner, a tenured director of secondary education, to review the action of the respondent school district in abolishing her position and redefining her tenure area.
On April 4, 1980, an order was made by the Supreme Court, Broome County, Lee, J., directing joinder of other administrative employees of the district whose positions might be affected or jeopardized by any decision reached in the proceeding. On May 5, 1980, an amended petition was accordingly served upon the additional respondents who were thereafter, on May 7, 1980, called together for a meeting by respondent superintendent Fultz, at which he and the district counsel, Eugene F. Crowley, explained the necessity of the respondents’ hiring individual counsel in view of possible conflicting interests. The matter of reimbursement for legal expenses was left open pending further research by attorney Donald G. Sweeney, counsel for the district. Preliminary research indicated that reimbursement might be paid.
A further meeting was held on May 13, 1980, with respondents Wynnyk and Bills, at which they were advised by attorney Sweeney (according to his affidavit) that if they:
“[Wjished to have the District consider reimbursement of their attorneys’ fees, written notice would have to be given to the School District as required by Section 3811. The administrators were advised of the five day time limitation contained in Section 3811 and were advised that the Board of Education would ultimately have to consider whether Section 3811 applied to this case at all and whether or not the five day time limitation could be waived by the School District.
“After further research by deponent and after a meeting of the Board of Education, each of the Respondent administrators, including Respondents Wynnyk and Bills, were *241 advised on May 27, 1980, that the School District did not feel that it was permitted by law to provide a defense in this proceeding. No subsequent notice or claim of any sort whatsoever was made by or on behalf of Respondents Wynnyk and Bills for reimbursement of counsel fees from the time of that letter on May 27, 1980, until this motion was interposed on January 28, 1981.”
The motion which has now been made by the two respondents, Wynnyk and Bills, and joined in by respondent Warner (hereinafter the respondents), is twofold: (1) to vacate a settlement and stipulation of discontinuance entered into between petitioner and the school district without the knowledge or consent of the respondents, and (2) to certify that respondents acted in good faith and are entitled to reimbursement for their legal expenses pursuant to section 3811 of the Education Law.
Reimbursement is resisted by the school district, according to counsel’s statement: “(a) since written notice was not given within five days as required by Section 3811(a); (b) since no action was undertaken by or on behalf of Respondents Wynnyk and Bills within four months after the May 27, 1980, [sic] from Respondent School District refusing to honor the demand made on May 13,1980, by those Respondents that the School District assume responsibility for their attorneys’ fees, and that consequently this application is barred by Section 217 of the CPLR; and (c) since Section 3811 of the Education Law was not intended to cover and does not cover reimbursement of costs and expenses incurred by members of the supervisory staff of a school district in the defense of a right to employment, but rather was intended to cover claims against those individuals for civil litigation arising out of specific actions undertaken or statements made by such an individual during the course of his or her employment.”
Treating each of these contentions in turn we address first the issue of notice. Section 3811 (subd 1, par [a]) of the Education Law does require five days’ notice in writing, after service of process, of the commencement of the proceeding as a condition precedent to reimbursement for legal expenses. This requirement, however, should be read in conjunction with the provision immediately following, *242 paragraph (b) of subdivision 1, that unless the board designates and appoints an attorney within the next 10 days to represent the party sued, he may retain his own legal counsel. The obvious purpose of the two paragraphs is to give the school district notice of the existence of the proceeding in time to select counsel or afford the respondent an opportunity to do so before the 20-day period to file an answer expires. To insist upon strict compliance with the five-day notice requirement here, when the order directing joinder of respondents was granted upon motion of the school district itself would be manifestly unjust. Further, as pointed out, within two days after respondents were served, respondent Fultz and the school district’s counsel met with all the respondent administrators on May 7, 1980, to discuss the nature of the action and retention of separate Counsel. Under the circumstances, a written notice required by the statute would have been a purposeless act and the court holds that it was waived.
Nor do we find that the request for reimbursement is barred by the four-month limitation of CPLR 217. The letter of May 27,1980, referred to by school district counsel as marking the beginning of the four-month period, is merely a letter to some (or all?) of the respondent administrators rejecting their written request for “appointment of legal counsel to provide defense for me in the lawsuit”. As counsel for respondents school district and Fultz states in his affidavit, “No subsequent notice or claim of any sort whatsoever was made by or on behalf of respondents Wynnyk and Bills for reimbursement of counsel fees from the time of that letter on May 27, 1980, until this motion was interposed on January 28, 1981”. In fact, in respondents’ view, the lawsuit has still not been terminated as to them and legal expense is still being incurred.
The request for certification for payment pursuant to section 3811 (subd 1, par [c]) of the Education Law on the basis that each of the respondents “appeared to have acted in good faith with respect to the exercise of his powers or the performance of his duties under this chapter” must be denied. The third objection raised by the school district mandates this rejection.
*243 The proceeding here is not based on any acts of respondents which were performed in the exercise of their powers or the performance of their duties. In fact, it was not based upon any acts of respondents, but upon the action of the respondent board of education in abolishing petitioner’s position as associate superintendent for instruction. The respondent administrators were added as parties, not because of anything which they had done, but because their positions might be affected by petitioner’s assertion of tenure and seniority rights.
Counsel for respondents Wynnyk and Bills argues, perhaps with some merit, that “It is sheer sophistry to argue that the statute will save harmless a supervisor or other employee from all claims except those which are made upon his most precious asset, the right to employment”. However, such an appeal is better made, not to the court, but to the Legislature which has seen fit to restrict reimbursement only to defense of acts arising out of exercise of statutory powers or duties.
One of the respondents, John Miles, who also was denied reimbursement for his legal expenses, appealed, not to the court, but to the Commissioner of Education, as the statute permits. In a decision handed down on September 22,1980, the appeal was dismissed in a written decision which was based, primarily, on a finding that “petitioner has not established that his participation in the proceeding brought by Ms. Me Nulty arises out of the exercise of his powers or the performance of his duties under the Education Law”. He went on to say: “Section 3811 of the Education Law affords a school district officer or employee the protection of having the costs and expenses of a lawsuit, as well as the costs and damages which may be assessed against him, paid by the school district where the school district officer or employee has acted in good faith in the performance of his duties as an officer or employee. It is a reasonable device to protect individuals who have acted on behalf of their employer, and such action forms the basis for a lawsuit against them. The amended petition in the Article 78 proceeding brought by Ms. McNulty does not challenge any action taken by petitioner in the performance of his duties as an associate superintendent. Peti *244 tioner was made a party to the lawsuit solely to afford him the opportunity to defend his right to employment in the position he now holds, in accordance with established decisional law (Matter of Dreyfuss v. Bd. of Ed., 42 AD 2d 845; Matter of Skliar v. Bd. of Ed., 45 AD 2d 1012; Matter of Kirkland v. Bd. of Ed., 49 AD 2d 693).”
We are in complete agreement with this aspect of the decision made by the commissioner, although we differ with him on his finding that the five-day notice provision was not complied with inasmuch as we find a waiver of that provision. In addition to the case of Pappas v Nyquist (85 Misc 2d 114), cited by him, see, also, Matter of Board of Educ. v Ambach (81 Misc 2d 864), which is in accord. Weimer v Board of Educ. (75 AD2d 893, affg Matter of Burner v Board of Educ., Supreme Ct, Suffolk County),* cited by respondents, in support of their position, was distinguished in the commissioner’s decision referred to above on the ground that “The court found that under the unique circumstances of that case the action of the board of education in employing counsel for the individual administrators was expressly authorized by Education Law 3811 because the board acted to defend an action involving its rights or interests”. The commissioner added: “I am unable to reach the same conclusion reached by the court in Matter of Burner. While a board of education and its employees who are not affected by the abolition of a position may all seek to successfully defend a challenge to the validity of such abolition, their interests do differ significantly. The interest of individual employees is clearly to retain their employment, a personal interest. The interest of the board of education is to establish its compliance with the applicable law in taking action to abolish a position. More important than the divergence of interest, however, is the fact that the statute expressly requires that the matters involved in the legal proceeding relate to the exercise of the school district officer’s or employee’s powers or the performance of his duties (Pappas v. Nyquist, 85 Misc 2d 114).”
*245 It remains to discuss only respondents’ charge that petitioner and the school district attempted to discontinue this proceeding “in flagrant disregard of the explicit requirements set forth at Rule 3217(a) of the Civil Practice Law and Rules”. It is conceded that the rule as well as CPLR 2104 were never complied with. Respondents point out in their brief: “A stipulation is tantamount to a court order, and is a contract in itself. Schlossberg v. Schlossberg, 62 M2d 699 (1970); Kynin v. Grand Plaza Caterers, 148 M 156 (1933). Respondents, who were joined as necessary parties upon motion made by the Board, are in theory bound to a contract they never made. Absent the relief requested herein, respondents cannot ascertain whether the terms, conditions, provisions or precedents embodied in the stipulation do or will have an adverse impact upon their own careers.”
On October 15, 1980, and again on November 4, 1980, respondents’ attorney requested in writing a copy of the proposed settlement, without receiving any response, and thereafter he restored the proceeding to the calendar as he had threatened.
The very purpose of adding respondents as parties to the proceeding was to give them an opportunity to protect their positions or any of their interests which might be affected by a decision rendered. Had a settlement been reached with Ms. McNulty without suit, respondents would have had the right to question it in or out of court if their seniority or other rights were affected. They have that right here and the right to be advised of the terms of the settlement reached notwithstanding the statement of the school district’s counsel that “one of the provisions of that agreement is that it will not be made public” and that “the settlement agreement did not, in any way, adversely impact any of the other named Respondents”. However, respondents have stipulated, and the school district consents, that the stipulation of discontinuance be set aside for the sole purpose of enabling the court to determine the question of certification for payment pursuant to section 3811 (subd 1, par [c]) of the Education Law. Although respondents have made no such claim, it would seem that the terms of the settlement might be available to the respon *246 dents and to the public under the Freedom of Information Law (Public Officers Law, art 6; see Matter of Doolan v Board of Coop. Educational Servs., Second Supervisory Dist. of Suffolk County, 48 NY2d 341; Matter of Duncan v Savino, 90 Misc 2d 282).
The motion to certify that this proceeding is based upon actions of respondents arising out of the exercise of their powers or the performance of their duties and that they should therefore be reimbursed for legal expenses is denied. In view thereof and in view of respondents’ stipulation mentioned, their motion to vacate the stipulation of discontinuance between petitioner and the school district is denied.

 On February 19, 1981, the Court of Appeals reversed, dismissed the appeal, and remitted to the Appellate Division with directions to dismiss the appeal to that court (52 NY2d 148). The decision was based solely on a holding that an assignment of the taxpayer’s action challenging the school district’s expenditure of funds for the legal defense was against public policy and section 13-101 of the General Obligations Law.