■ In the Matter of MARY A. CAPONE, Appellant, v BOARD OF EDUCATION OF LAFAYETTE CENTRAL SCHOOL DISTRICT et al., Respondents. (Appeal No. 2.) [667 NYS2d 168] —Order unanimously reversed on the law without costs, motion to renew granted, motion to dismiss denied and petition granted in accordance with the following Memorandum: Petitioner retired in February 1994, after over 20 years of teaching in the Lafayette Central School District (District). In November 1993, before her retirement, she applied to transfer credit for service

from the New York State Employees' Retirement System (Employees' Retirement System) to the New York State Teachers' Retirement System (Teachers' Retirement System) with respect to service before her membership in the Teacher's Retirement System (*see,* Retirement and Social Security Law § 801). Although petitioner had been led to believe as early as 1976 that she was a member of the Employees' Retirement System, she in fact never was.

Upon retirement, petitioner began receiving Teachers' Retirement System benefits under Tier I, the most generous tier available. However, the Teachers' Retirement System reversed its decision to backdate petitioner's membership and transferred petitioner from Tier I to Tier II after discovering that the Employees' Retirement System had mistakenly advised them that petitioner had been a member in that system. In January 1995, one year after petitioner retired, the Teachers' Retirement System notified her that she had never been a member of the Employees' Retirement System, which had earlier supplied information to the Teachers' Retirement System concerning a different teacher with the same name as petitioner.

Upon being informed of the error and that she would be transferred to Tier II and her benefits decreased accordingly, petitioner filed a request with the District for retroactive membership in the Teachers' Retirement System (*see,* Retirement and Social Security Law § 803 [b]), based upon the same year of service for which she had sought to transfer credit. The District did not complete the required affidavit under Retirement and Social Security Law § 803 (b) (3) and denied her request on the ground that section 803 does not apply to retirees (*see,* Retirement and Social Security Law § 806 [b]). Petitioner commenced this CPLR article 78 proceeding, asserting that the District's decision to apply Retirement and Social Security Law § 806 (b) and to deny her request for relief under section 803 was arbitrary and capricious, an abuse of discretion and in violation of lawful procedure. She sought an order compelling the District to complete the required affidavit. Respondents moved to dismiss the petition based on section 806 and on petitioner's failure to serve a notice of claim under Education Law § 3813. The court granted the motion to dismiss and denied petitioner's cross motion to serve a late notice of claim. Petitioner then moved to renew, which motion the court also denied.

For the reasons set forth herein, we conclude that the court should have granted the motion to renew and, upon renewal,

should have denied the motion to dismiss. The parties have identified no disputed issues of fact; the sole issues before us are issues of law concerning the application of Retirement and Social Security Law § 806 (b) and Education Law § 3813. Therefore, we reach the merits of the petition (*see, O'Hara v Del Bello*, 47 NY2d 363, 367-368, *rearg denied* 48 NY2d 656).

On her motion to renew, plaintiff submitted the affidavit of David Weiss, Associate General Counsel to the Teachers' Retirement System. Petitioner established that the affidavit was not available to her at the time of respondents' motion to dismiss, and thus the court abused its discretion in denying the motion to renew and in failing to consider that affidavit (*see, Foley v Roche*, 68 AD2d 558, 568). In his affidavit, Weiss stated that, in order to receive benefits under article 18, an individual must file a timely claim prior to retiring. He further stated, however, that Retirement and Social Security Law § 806 should not be construed to deny benefits to an individual merely because he or she retires while that claim is pending. He stated that the Teachers' Retirement System has interpreted article 18 to allow it to process a claim for retroactive membership in a system for a member who has filed a timely claim seeking the transfer of credits from one public retirement system to another where, as here, the teacher erroneously brought a section 801 claim rather than a section 803 claim. It is well settled that the interpretation of a statute by the agency charged with interpreting it, "if not irrational or unreasonable", should be followed (*Matter of Howard v Wyman*, 28 NY2d 434, 438, *rearg denied* 29 NY2d 749).

Under the circumstances of this case, we conclude that the date upon which petitioner sought retroactive membership in the Teachers' Retirement System pursuant to Retirement and Social Security Law § 803 is deemed to be the date upon which petitioner filed her application to transfer credits from one public retirement system to another, pursuant to Retirement and Social Security Law § 801. Because that date preceded the date of her retirement, Retirement and Social Security Law § 806 (b), which provides that article 18 of the Retirement and Social Security Law does not apply to retirees, does not bar petitioner from seeking retroactive membership in the Teachers' Retirement System pursuant to section 803.

We further conclude that no notice of claim was required in this case. Petitioner seeks to enforce her right to the issuance of an employer's affidavit pursuant to Retirement and Social Security Law § 803 (b) (3). A notice of claim is not a condition precedent to a special proceeding pursuant to CPLR article 78

seeking enforcement of a "clear specific legal duty" (*Matter of Piaggone v Board of Educ.*, 92 AD2d 106, 108; *see, Matter of Mutschler v Board of Educ.*, 177 AD2d 629, 630).

Therefore, we grant petitioner's motion to renew, and, upon renewal, we deny respondents' motion to dismiss, grant the petition and direct respondents to complete the required affidavit under Retirement and Social Security Law § 803 (b) (3). (Appeal from Order of Supreme Court, Onondaga County, Tormey, J.—Renewal.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.