In the Matter of JOHN SHARPE, Petitioner, and JAMES J. MINIHAN, Appellant, v BARNETT STURM et al., Respondents. [814 NYS2d 229]—

In a proceeding, inter alia, pursuant to CPLR article 78 to compel the Lakeland Central School District to provide the petitioner James J. Minihan with a defense and indemnification in certain civil actions instituted against him, the petitioner James J. Minihan appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Molea, J.), entered May 5, 2005, as granted that branch of the respondents' motion which was pursuant to CPLR 3211 to dismiss the proceeding insofar as asserted by him and dismissed the proceeding insofar as asserted by him.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, that branch of the motion which was

pursuant to CPLR 3211 to dismiss the proceeding insofar as asserted by the appellant is denied, so much of the petition as is asserted by the appellant is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a determination on the merits of that portion of the petition after the respondents have been afforded an opportunity to answer that portion of the petition; and it is further,

Ordered that the respondents' time to answer the petition insofar as asserted by the appellant is extended until 20 days after service upon them of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appellant, among others, commenced this CPLR article 78 proceeding, inter alia, to compel his former employer, the Lakeland Central School District (hereinafter the School District), to provide him with a defense and indemnification in a number of underlying civil actions, alleging, among other things, civil rights violations, pending in the United States District Court for the Southern District of New York. The Supreme Court dismissed the petition based, inter alia, upon the appellant's failure to comply with the notice provisions of Public Officers Law § 18 (5) (i) and Education Law § 3811 (1) (a).

The purpose of the notice provisions in those statutes is to prevent default and afford the municipal employer an opportunity to promptly investigate, inter alia, whether the complained-of conduct occurred within the scope of the employee's employment (see Matter of Walsh v County of Saratoga, 256 AD2d 953 [1998]; Matter of McNulty v City School Dist. of City of Binghamton, 110 Misc 2d 239 [1981]). Here, the School District was also named as a defendant in the underlying actions, and was aware that the appellant sought representation. Therefore, the appellant's failure to comply with the notice provisions of Public Officers Law § 18 (5) (i) and Education Law § 3811 (1) (a) should not have resulted in dismissal of the proceeding insofar as asserted by him (see Walsh v County of Saratoga, supra; Matter of Hunt v Hamilton County, 235 AD2d 758 [1997]; Giordano v O'Neill, 131 AD2d 722 [1987]; Matter of McNulty v City School Dist. of City of Binghamton, supra).

Nor was the proceeding insofar as asserted by the appellant subject to dismissal on the alternate ground urged by the School District, that is, that the appellant failed to file a notice of claim as required by Education Law § 3813 (1). A notice of claim is not a condition precedent to a special proceeding properly brought pursuant to CPLR article 78, in the nature of manda-

mus, seeking judicial enforcement of a legal right derived through enactment of positive law (*see Matter of Piaggone v Board of Educ., Floral Park-Bellrose Union Free School Dist.*, 92 AD2d 106 [1983]; *see also Matter of Brunecz v City of Dunkirk Bd. of Educ.*, 23 AD3d 1126 [2005]; *Matter of Delle v Kampe*, 296 AD2d 498 [2002]). Therefore, the appellant was not required to serve a notice of claim as a prerequisite to maintain this proceeding which seeks to enforce his statutory right to a defense and indemnification in the underlying actions (*see Matter of Capone v Board of Educ. of Lafayette Cent. School Dist.*, 245 AD2d 1045 [1997]). Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.