■ In the Matter of MICHAEL G. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Kings County, dated February 11, 1971, which

adjudged appellant to be a juvenile delinquent and placed him on probation for two years. Order reversed, on the law, without costs, and proceeding remitted to the Family Court for a *de novo* fact-finding hearing on the allegations contained in the petition. The appeal did not present questions of fact. Appellant and his accomplice were charged with having committed a robbery. While in custody at the police station, they were interrogated and admitted their participation in the crime. The interrogation concededly violated their rights under *Miranda* v. *Arizona* (384 U. S. 436). Shortly thereafter, and while still in the station house, they engaged in a conversation between themselves in which they discussed their participation in the crime. This conversation was overheard by the interrogating officer. · At the fact-finding hearing, the court properly excluded testimony as to the admissions made during the direct interrogation, but ruled admissible, over appellant's objection, the policeman's testimony as to the conversation he had overheard, stating that the conversation consisted of "voluntary statements made by them between themselves." The record discloses that the court, among other grounds, based its fact-finding determination on the policeman's testimony. In our opinion, the statements made by the youths during their conversation were tainted by the prior admissions made during the interrogation (*People* v. *Tanner*, 30 N Y 2d 102; see, also, *United States ex rel. Stephen J. B.* v. *Shelly*, 430 F. 2d 215). Hence, it was reversible error to allow testimony as to the conversation into evidence. In the light of this determination we feel it unnecessary to reach any other questions. Hopkins, Acting P. J., Shapiro, Christ and Brennan, JJ., concur; Munder, J., dissents and votes to affirm.