■ In the Matter of OSVALDO M., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated June 10, 1977, which, after a fact-finding hearing, adjudged appellant to be a juvenile delinquent and placed him with the Division for Youth, Title III. Order reversed, on the law and the facts, without costs or disbursements, and petition dismissed. Appellant was questioned at a police station concerning the robbery and beating of an 80-year-old women (who subsequently died from the injuries inflicted). During the interrogation he admitted his participation in the crime. Shortly after the interrogation was completed, he was permitted to see his older brother who was waiting in another room in the station house. Appellant made a comment to his brother in which he admitted his participation in the crime.

His voluntary statement was overheard by one of the detectives who was escorting the appellant. At the fact-finding hearing, the court properly excluded testimony as to the admissions made during the interrogation, but ruled admissible, over appellant's objection, the detective's testimony as to the statement he had overheard, apparently on the ground that the statement was spontaneous. In our opinion, admission of this testimony was error since the statement was tainted by the prior admissions made during the interrogation (see *Matter of Michael G.,* 40 AD2d 520; see, also, *People v Chapple,* 38 NY2d 112). Once the testimony concerning this statement is excluded, there remains only the testimony of the two infants, Michael Peguese, age 14, and Glensley Emer, age 11. Each gave testimony which was internally inconsistent and confusing as to what actually happened on the day of the incident. Accordingly, there was insufficient evidence to support the findings of the Family Court and therefore the petition must be dismissed. We have considered the other points raised by appellant, and have found them to be without merit. Damiani, J. P., Titone, Rabin and Margett, JJ., concur.