■　In the Matter of HENRY CUTLER, Respondent, v POUGHKEEPSIE CITY SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the Poughkeepsie City School District to reimburse petitioner for attorney costs incurred in defense of a criminal charge of sexual abuse leveled against him by one of his students, enrolled in one of the school district's schools, the appeal is from a judgment of the Supreme Court, Dutchess County, entered June 12, 1979, which granted the petition. Judgment affirmed, with $50 costs and disbursements. Section 3028 of the Education Law requires a board of education to provide an attorney and pay his fees to defend a teacher in "any civil or criminal action or proceeding arising out of disciplinary action taken against any pupil of the district while in the discharge of his duties within the scope of his employment". On this record, it is apparent that the criminal charge brought against the petitioner resulted from disciplinary action taken by him in the discharge of his duties. Therefore, he is entitled to reimbursement for the fee expended in obtaining dismissal of the charge. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.

■　In the Matter of JOSEPH F., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated June 22, 1977, which, after a fact-finding hearing, adjudged appellant to be a juvenile delinquent and placed him with the Division for Youth, Title III. Order reversed, on the law and the facts, without costs or disbursements, and petition dismissed. The testimony of the two infant witnesses, Michael Peguese, age 14, and Glensley Emer, age 11, has been held by this court, on the prior appeal by appellant's corespondent, Osvaldo M. *(Matter of Osvaldo M.,* 65 AD2d 573), to be internally inconsistent and confusing as to what actually happened on the day of the incident, and thus insufficient to support the findings of the Family Court. There being no other probative evidence of appellant's involvement in the crime, the instant petition must, accordingly, be dismissed. Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur.