■ GEORGE C. WEIMER, JR., as Assignee of DAVID BURNER and Another, Appellant, v BOARD OF EDUCATION OF THE SMITHTOWN CENTRAL SCHOOL DISTRICT No. 1 et al., Respondents. DAVID BURNER et al., Plaintiffs, v BOARD OF EDUCATION OF THE SMITHTOWN CENTRAL SCHOOL DISTRICT No. 1 et al., Respondents.—In a taxpayer's action to, *inter alia,* declare two resolutions of the defendant board of education to be "illegal, unlawful, void and of no effect", George Weimer appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County, dated July 14, 1978, as denied plaintiffs' motion for summary judgment and granted defendants judgment dismissing the complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements, on the opinion of Mr. Justice Baisley at Special Term. Cohalan, J. P., Margett and O'Connor, JJ., concur.

Weinstein, J., dissents and votes to reverse the order insofar as appealed from, and grant summary judgment to the appellant, with the following memorandum: The instant litigation grew out of an earlier action brought by appellant George Weimer against the defendant school district, of which he had formerly been the tenured assistant superintendent for business affairs. In the earlier action, Weimer alleged that he had been eliminated from the school district's payroll without cause and through subterfuge when a reorganization plan transferred the duties of his position to two new positions, to neither of which he was appointed. Reversing the decision at Special Term, this court found for Weimer *(Matter of Weimer v Board of Educ.,* 74 AD2d 574, 575) holding that "It is clear from this record, and we find, that [school superintendent] Ahern was seeking to remove the petitioner from his position, though grounds for removal were nonexistent." We ordered Weimer reinstated to one of the newly created positions, with back pay. During the pendency of that earlier action, the board of education resolved on two occasions that pursuant to section 3811 of the Education Law, all legal expenses incurred in the defense of that action would be levied as a charge on the school district. David and Sandra Burner, two taxpayers of the school district, thereupon brought the instant action for a declaration that the aforesaid resolutions were illegal, a permanent injunction barring the expenditure of public funds pursuant thereto, and an accounting and return of any funds already disbursed. The Burners assigned all rights, title, and interest with respect to their causes of action to George Weimer. Special Term granted summary judgment to the school district dismissing the complaint, and Weimer has appealed. I note preliminarily

that the Burners, as taxpayers of the school district, had standing to institute this action pursuant to section 123-b of the State Finance Law. Once the action was properly instituted, the Burners were authorized by section 13-101 of the General Obligations Law to assign their rights therein to Weimer. Addressing the merits, I would reverse, and grant summary judgment to the appellant. The record clearly indicates, and this court has already previously found, that the actions of Ahern and his associates in trying to squeeze Weimer off the district payroll were undertaken in bad faith. Their primary concern was for their own jobs, and they clearly treated the interests of the school district as secondary to their own. Although the literal terms of the Education Law authorize expenditure of public funds for the defense of any action brought against a school district, presumably including one in which the district is found to have acted in bad faith, I do not feel that the statute should be literally construed so as to extend its coverage to such a case, especially where the action was defended with the best interests of the school district not paramount. It has already been held that where a school board or school board member is charged with improper or criminal activity, there will be no right of compensation from public funds for legal defense (see *Pappas v Nyquist,* 85 Misc 2d 114; 33 Opns St Comp 346; 17 Opns St Comp 173). I would hold likewise here. [99 Misc 2d 47.]