OPINION OF THE COURT
Eli Wager, J.
May a board of education be compelled to provide legal representation for a teacher who is joined as an additional respondent in a proceeding brought by another teacher who claims the right to his position? That is the issue raised in this CPLR article 78 proceeding by petitioner Thomas Casey who is a respondent, together with the Board of Education of the Syosset Central School District and its superintendent, in a proceeding brought by one Mary Collins who claims that she should have been appointed to the position he occupies at the Syosset High School. Thomas Casey is described in the caption of the Collins proceedings as “a person whose interests may be affected by such claims” (against the Board and superintendent) and the petition accuses him of no wrongdoing.
Petitioner claims the right to legal representation at the taxpayers’ expense pursuant to section 3811 of the Education Law. That section provides, in pertinent part, that the *223 reasonable costs and expenses, inter alia, of any superintendent, principal, member of the teaching or supervisory staff in defending an action or proceeding, other than a criminal prosecution or an action or proceeding brought against him by a school district, “arising out of the exercise of his powers or the performance of his duties under this chapter”. (Education Law, § 3811, subd 1.)
The instant petitioner was served with two summonses and complaints in the Collins action, each of which he delivered to the district the day following service. His request (or that of his teachers’ association) for legal representation was denied, according to a letter from the respondent superintendent dated January 9, 1984 on the ground that the Board’s attorney had advised the Board that there was “no legal authority” for the Board to provide a lawyer or to pay for one independently retained. The superintendent advised Mr. Casey, on behalf of the Board, “that the outcome of the lawsuit will not adversely affect Mr. Casey’s employment status in the district and that his status as a probationary teacher in his tenure area will continue as if the lawsuit has not been commenced.”
THE LAW
The issue is whether the Collins proceeding as against Thomas Casey arises out of “the performance of his duties under this chapter” as the phrase is used in section 3811 of the Education Law. The law on this issue appears not to be definitely settled.
The Commissioner of Education has taken the position that a school district administrator’s participation in a lawsuit wherein he is a named respondent “solely to afford him the opportunity to defend his right to employment in the position he now holds” does not arise out of the exercise of his powers or the performance of his duties under the Education Law (Matter of Miles, 20 Ed Dept Rep 157,160). In a proceeding in the same case brought by a second respondent, the Broome County Supreme Court agreed with the Commissioner’s construction of the statute (Matter of McNulty v City School Dist., 110 Misc 2d 239).
In Weimer v Board of Educ. (75 AD2d 893), the Appellate Division, Second Department, however, affirmed a decision from the Supreme Court in Suffolk County which appears *224 to have held to the contrary. Weimer was a taxpayers’ action seeking to enjoin the district from paying the legal fees of three supervisory employees who were respondents in a proceeding brought by a fourth employee (an assistant superintendent for business affairs) challenging his elimination from the payroll. The lower court granted summary judgment dismissing the action, concluding that: “The School Board by employing counsel for the administrators acted to defend an action ‘involving its [the school board’s] rights or interest’ and was authorized to so act. Education Law §3811 * * * The Board’s action also had the concurrent effect to enable the defendant administrator to defend an action arising out of the exercise of their powers. The plaintiffs attempt to differentiate the administrators right to employment as opposed to the exercise of their powers and duties is a distinction without a difference. The attack on the former by its very nature includes an assault on the latter”.
This determination was affirmed by the Appellate Division on the opinion of Special Term. However, the Court of Appeals remitted to the Appellate Division with directions to dismiss the appeal to that court, upon the ground that the assignment of the taxpayer’s action to one who was not a taxpayer was prescribed by subdivision 3 of section 13-101 of the General Obligations Law (Weimer v Board of Educ., 52 NY2d 148). Thus, it appears that Weimer may not be controlling on the issue, at least with respect to the facts in the case at bar.
CONCLUSION
Analytically, it appears the the Commissioner’s reasoning is compelling. Thomas Casey is a necessary party in the Collins lawsuit solely because he is an incumbent in the position sought by her (see Kirkland v Board of Educ., 49 AD2d 693; Dreyfuss v Board of Educ., 42 AD2d 845), and not because of any act done by him. The acts complained of were solely those of his corespondents and any defense he might interpose would perforce be in support of their determination. On this issue, it is significant that the statute (Education Law, § 3811, subd 1, par [c]) provides for certification by the court or commissioner that an applicant for legal representation “appeared to have acted in *225 good faith with respect to the exercise of his powers or the performance of his duties under this chapter”, a provision which indicates a legislative intent that the applicant be charged with something more than merely occupying a position to which he was appointed by others. To require a certification of good faith in such a case would be an absurdity. Cleary, the issue in the Collins proceedings is whether the respondent Board and the respondent superintendent acted in good faith in the exercise of their powers and performance of their duties; Thomas Casey’s good faith in the performance of his job is simply not an issue.
Accordingly, petitioner’s motion is denied and the petition is dismissed.