In the Matter of Thomas Casey, Appellant, v Philip E. Tieman, as Superintendent of the Syosset Central School District, et al., Respondents.

Second Department, September 16, 1985

**APPEARANCES OF COUNSEL**

*James R. Sandner* (*Susan Bloom Jones* and *Stephen Mendelson* of counsel), for appellant.

*Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano, P. C.* (*Andrew J. Simons* and *Samuel S. Tripp* of counsel), for respondents.

**OPINION OF THE COURT**

Gibbons, J.

The issue raised on this appeal concerns the propriety of Special Term's refusal to direct the respondent Board of Education of the Syosset Central School District to provide the petitioner, one of its teachers, with a legal defense, pursuant to Education Law § 3811, in an action commenced against the Board and himself by another teacher claiming a superior right to his position. There should be an affirmance.

Petitioner herein, Thomas Casey, has been employed by the respondent Board of Education of the Syosset Central School District as a probationary social studies teacher at Syosset Senior High School since February 1983. Petitioner asserts that, on or about October 3, 1983, he received, by mail, a summons and complaint dated September 29, 1983, in an action entitled

"Mary Collins, Plaintiff, against Philip E. Tieman, Superintendent of Schools and Board of Education, Syosset Central School District and Thomas Casey, a person whose interests may be affected by such claims". Petitioner claims that he delivered that summons and complaint to the Board of Education on or about October 4, 1983, in order to obtain legal representation by its attorney. Petitioner asserts that on or about October 18, 1983 he was served with another summons and complaint in the *Collins* action and, further, that he delivered these papers to the Board of Education on or about October 19, 1983, again seeking to obtain legal representation in the matter by its attorney. Respondents admit that petitioner delivered copies of these summonses and complaints to them, but deny any duty to provide him with a defense.

Previously, the petitioner and Mary Collins had both sought appointment to the teaching position which petitioner now holds in the Syosset Senior High School. When petitioner was appointed to that position, Ms. Collins instituted the action in question against Dr. Tieman. Ms. Collins' claim was based upon an alleged "Transfer Provision" in the collective bargaining agreement between the Syosset Teachers Association (STA) and the respondent Board of Education. However, her request for a transfer from junior to senior high school pursuant to this provision was denied by the Board of Education in a letter from the Assistant Superintendent for Secondary Education, stating: "After careful consideration by the high school administrative staff, we have recommended the appointment of Mr. Thomas Casey to the position in which you were interested".

On or about January 4, 1984, the STA requested the Board of Education to provide an attorney to defend petitioner in the *Collins* lawsuit, but, in a letter dated January 9, 1984, Dr. Tieman rejected this request, stating:

"The Board of Education has considered the request you made on January 4, 1984 that it provide a lawyer to defend Thomas Casey in the lawsuit brought by Mary Collins against the Board of Education, the Superintendent of Schools and Mr. Casey.

"The Board of Education has been advised by its attorneys that there is no legal authority for it to provide a lawyer for Mr. Casey or to pay one he independently retains. Also, neither the STA nor NYSUT has provided the Board with information about contrary legal authority.

"While the Board cannot provide legal representation for Mr. Casey, it does wish to assuage any concerns he may have regarding the impact of the case upon him. Therefore, on behalf

of the Board of Education, I am advising the STA that the outcome of the lawsuit will not adversely affect Mr. Casey's employment status in the district and that his status as a probationary teacher in his tenure area will continue as if the lawsuit has not been commenced.

"I hope this information will be helpful to you and Mr. Casey. Please feel free to contact my office if you have additional questions or comments".

By notice of petition and verified petition dated February 13, 1984, petitioner commenced the instant proceeding pursuant to CPLR article 78 seeking an order or judgment "directing the respondents to provide petitioner with legal representation and to compensate petitioner for all his reasonable costs and expenses which arise out of the * * * action" brought by Mary Collins. Petitioner placed primary reliance upon Education Law § 3811 (1) which provides, *inter alia,* that: "Whenever any * * * member of the teaching or supervisory staff * * * shall defend any action or proceeding, other than a criminal prosecution * * * or [a] proceeding brought against him by a school district or board of cooperative educational services * * * including proceedings before the commissioner of education, *arising out of the exercise of his powers or the performance of his duties under this chapter,* all his reasonable costs and expenses, as well as all costs and damages adjudged against him, shall be a district charge" (emphasis supplied).

The thrust of respondents' answer maintained that the petitioner (Casey) is merely a nominal defendant in the *Collins* action, and that there is no charge against him which he must defend, i.e., that he is not being charged with any wrongdoing or misconduct as a high school teacher, which is the focus of Education Law § 3811, and the type of conduct for which the taxpayers, through the Board, would be compelled to provide him legal representation. On the contrary, in the *Collins* action, it is the conduct of the Board, not Casey, that is under attack.

In a judgment entered May 23, 1984, the Supreme Court, Nassau County (Wager, J.), denied the petition and dismissed the proceeding. In its decision (124 Misc 2d 222, 223-225), the court stated, in pertinent part:

"The issue is whether the Collins proceeding as against Thomas Casey arises out of 'the performance of his duties under this chapter' as the phrase is used in section 3811 of the Education Law. The law on this issue appears not to be definitely settled * * *

"Thomas Casey is a necessary party in the Collins lawsuit solely because he is an incumbent in the position sought by her * * * and not because of any act done by him. The acts complained of were solely those of his corespondents and any defense he might interpose would perforce be in support of their determination. On this issue, it is significant that the statute [in subdivision (c)] provides for certification by the court or commissioner that an applicant for legal representation 'appeared to have acted in good faith with respect to the exercise of his powers or the performance of his duties under this chapter', a provision which indicates a legislative intent that the applicant be charged with something more than merely occupying a position to which he was appointed by others. To require a certification of good faith in such a case would be an absurdity. Clearly, the issue in the Collins proceedings is whether respondent Board and the respondent superintendent acted in good faith in the exercise of their powers and performance of his job is simply not an issue".

We now affirm.

The instant proceeding concerns the proper construction of Education Law § 3811, insofar as it requires the Board of Education to provide a legal defense to a teacher in an action brought against him and the Board by a disappointed job-seeker alleging a superior right to his position. Briefly, petitioner urges this court to adopt a different construction of Education Law § 3811 (1) from that formulated by Special Term, one which would include an action brought by a fellow teacher claiming a superior right to the position within that category of actions "arising out of the exercise of his powers * * * [and] duties" for which the incumbent may require the Board of Education to provide him with a defense. In so arguing, petitioner places principal reliance upon the decision of this court in *Weimer v Board of Educ.* (75 AD2d 893, *appeal dismissed* 52 NY2d 148), which appears to have adopted a similar construction of the statute.

Respondents, on the other hand, assert that Special Term correctly construed Education Law § 3811 as not requiring a Board of Education to defray the legal expense incurred by an incumbent teacher in defending his right to occupy his position, and argue, *inter alia,* that actions brought to determine the conflicting claims of teachers to occupy a given position are distinguishable from those actions encompassed by Education Law § 3811 "arising out of" a teacher's conduct in "the exercise of his powers or the performance of his duties". In so arguing, respondents rely heavily upon the decision of the Commissioner

of Education in *Matter of Miles* (20 Ed Dept Rep 157), and a later Supreme Court case seemingly approving the Commissioner's reasoning (*Matter of McNulty v City School Dist.,* 110 Misc 2d 239), both of which were decided subsequent to this court's decision in *Weimer* (*supra*). Moreover, respondents assert that petitioner may not avail himself of Education Law § 3811 as he failed to notify the Board of Education in writing of the commencement of the *Collins* action within five days after the service of process upon him, as required by Education Law § 3811 (1) (a). Finally, respondents point out that petitioner was informed by the respondent Superintendent of Schools in a letter dated January 9, 1984 that his tenure and seniority rights would not be adversely affected by the outcome of the *Collins* lawsuit. Accordingly, they argue, petitioner has no rights at stake in the *Collins* action.

In our view, the construction of the statute adopted by Special Term was proper.

We begin with the observation that the case law and legislative history involving the construction of Education Law § 3811 in factual situations analogous to the one at bar are sparse.

The statutory provision requiring a school district to absorb the legal expenses associated with the defense of any "superintendent, principal * * * [or] member of [its] teaching [or] supervisory staff" in "an action or proceeding * * * arising out of the exercise of his powers or the performance of his duties" was added to Education Law § 3811 in 1971 (Education Law § 3811, as amended by L 1971, ch 936, § 1, eff June 25, 1971). The supporting memorandum of Assemblyman Lawrence E. Corbett, Jr., a sponsor of the bill (1971 NY Legis Ann, at 178-179) indicates that it was designed, *inter alia,* to supplement the protection afforded to teachers and administrators (among others) in Education Law §§ 3023 and 3028, which require a Board of Education "to save harmless and protect all teachers * * * from financial loss arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to any person, or accidental damage to the property of any person within or without the school building, provided such teacher * * * at the time of the accident or injury was acting in the discharge of his duties within the scope of his employment or authorized volunteer duties and/or under the direction of said board of education" (Education Law § 3023), and to "provide an attorney or attorneys for, and pay such attorney's fees and expenses necessarily incurred in the defense of a teacher * * * in any civil or criminal action or

proceeding arising out of [any] disciplinary action taken against any pupil of the district while in the discharge of his duties within the scope of his employment" (Education Law § 3028; *see also, Matter of Cutler v Poughkeepsie City School Dist.,* 73 AD2d 967 [teacher entitled to reimbursement pursuant to Education Law § 3028 for costs of defending criminal charge of sexual abuse brought by a student]). The memorandum explained that the above two sections "fall far short of [providing] the protection which the teacher and the principal are entitled to have in present conditions in the field of education" (1971 NY Legis Ann, at 179), and concluded with several examples of the types of claims or actions in which the new legislation would require the Board of Education to provide a defense:

"For example, school administrators and teachers are often required to submit written evaluations of pupils, teachers, and other school personnel to their superiors. In doing this, the administrator or teacher is open to a claim for damages based upon possible libel should such evaluation be couched in derogatory terms. Likewise, in these days of student unrest, school administrators and teachers are exposed to all types of claims and actions against which they may have inadequate or no protection under the present provisions of the Education Law.

"This bill gives to school administrators and teachers the same type of protection against such claims and actions which boards of education and trustees of school districts now have. It would remove a glaring inequity in the existing statute" (1971 NY Legis Ann, at 179).

Only three decisions have been called to our attention concerning the construction of Education Law § 3811 in factual situations analogous to the one at bar.

In *Weimer v Board of Educ.* (75 AD2d 893, *appeal dismissed* 52 NY2d 148, *supra*), a majority of this court affirmed a determination of Special Term granting summary judgment in favor of the defendant school district in a taxpayer's action seeking to prevent the Board of Education from expending district funds in alleged compliance with Education Law § 3811 to retain attorneys to represent certain individuals in a CPLR article 78 proceeding brought, *inter alia,* to challenge their right to occupy their present positions in the face of a claim that the Board of Education had illegally abolished petitioner's position and created two new positions in its place. In an earlier decision concerning the CPLR article 78 proceeding, this court had ruled in favor of the petitioner on the merits (*see, Matter of Weimer v Board of Educ.,* 74 AD2d 574), and in the subsequent taxpayers'

action, the majority of this court apparently accepted the viewpoint espoused by the petitioner herein, i.e., that a teacher or administrator's defense of his right to occupy his position in an action brought against, *inter alia,* the Board of Education, by another teacher or administrator claiming a superior legal right to that position is encompassed within the statutory language of Education Law § 3811 (1) as an "action or proceeding * * * arising out of the exercise of his powers or the performance of his duties". However, as Special Term properly concluded in this case, the *Weimer* decision was effectively stripped of its precedential value by the subsequent decision of the Court of Appeals dismissing the appeal to that court and directing this court to dismiss the appeal to it, on the ground that the plaintiffs' assignee lacked the requisite standing to maintain the action (*Weimer v Board of Educ.,* 52 NY2d 148, *supra*).

During the pendency of the appeal to the Court of Appeals in *Weimer* (*supra*), the Commissioner of Education reached the opposite conclusion in *Matter of Miles* (20 Ed Dept Rep 157, *supra*), holding, *inter alia,* that an incumbent administrator joined as a necessary party in a CPLR article 78 proceeding brought by another administrator alleging that she had been unlawfully terminated in violation of her seniority rights, was not entitled to reimbursement for legal expenses pursuant to Education Law § 3811. The Commissioner concluded, in part, that the affected administrator had not furnished the required notice to the Board of Education pursuant to Education Law § 3811 (1) (a), but went on to state that "even if I were to find that [the] petitioner had given prompt notice of the commencement of the proceeding against him, I would nevertheless be constrained to dismiss this appeal because petitioner has not established that his participation in the proceeding brought by Ms. McNulty arises out of the exercise of his powers or the performance of his duties under the Education Law" (*Matter of Miles, supra,* at p 159). The Commissioner explained his conclusion, as follows: "[t]he amended petition in the Article 78 proceeding brought by Ms. McNulty does not challenge any action taken by petitioner in the performance of his duties as an associate superintendent. Petitioner was made a party to the lawsuit solely to afford him the opportunity to defend his right to employment in the position he now holds, in accordance with established decisional law" (*Matter of Miles, supra,* at p 160). Rejecting the position of this court in the *Weimer* case on the dual grounds (1) that a teacher's or administrator's defense of the right to maintain his position is not the equivalent of an action or proceeding "arising out of the exercise of his powers or

the performance of his duties" and (2) that the interests of the Board of Education and an employee whose position is in jeopardy in a proceeding brought by another employee claiming a superior right thereto could easily differ, the Commissioner stated: "I am unable to reach the same conclusion reached by the court in *Burner* [*Matter of Burner v Board of Educ.*, Sup Ct, Suffolk County, May 16, 1978, Baisley, J., *affd sub nom. Weimer v Board of Educ.*, 75 AD2d 893, *appeal dismissed* 52 NY2d 148]. While a Board of Education and its employees who are not affected by the abolition of a position may all seek to successfully defend a challenge to the validity of such abolition, their interests do differ significantly. The interest of individual employees is clearly to retain their employment, a personal interest. The interest of the Board of Education is to establish its compliance with the applicable law in taking action to abolish a position. More important than the divergence of interest, however, is the fact that the statute expressly requires that the matters involved in the legal proceeding relate to the exercise of the school district officer's or employee's powers or the performance of his duties (*Pappas* v. *Nyquist,* 85 [Misc 2d] 114)" (*Matter of Miles,* 20 Ed Dept Rep 157, 160, *supra; Matter of McNulty v City School Dist.,* 110 Misc 2d 239, *supra*).

Similarly, in *Matter of McNulty v City School Dist. (supra),* a proceeding involving other administrators whose positions were potentially affected by the same CPLR article 78 proceeding at issue in *Matter of Miles (supra),* the Supreme Court, Broome County, adopted the position voiced by the Commissioner of Education in the *Miles* case, and concluded, *inter alia,* that the administrators were not entitled to reimbursement for their attorney's fees pursuant to Education Law § 3811. The court explained, *inter alia:* "The proceeding here is not based on any acts of respondents which were performed in the exercise of their powers or the performance of their duties. In fact, it was not based upon *any* acts of respondents, but upon the action of the respondent Board of Education in abolishing petitioner's position as associate superintendent for instruction. The respondent administrators were added as parties, not because of anything which they had done, but because their positions might be affected by petitioner's assertion of tenure and seniority rights" (*Matter of McNulty v City School Dist.,* 110 Misc 2d 239, 243, *supra*).

In our view, the position advanced by the respondents at bar is the sounder. It is clear that the Legislature, in amending Education Law § 3811, intended that a teacher should only be reimbursed for the costs of defending those actions "arising out of the

exercise of his powers or the performance of his duties" which were not encompassed by the preexisting provisions of Education Law §§ 3023 and 3028, examples of which included educational malpractice actions and libel actions directly related to the educator's performance of his job. Clearly, no such conduct on the part of the petitioner is involved in the instant case. Moreover, as Justice Wager aptly noted in his decision at Special Term (124 Misc 2d 222, 225, *supra*), the required certification of good faith (Education Law § 3811 [1] [c]) would be "an absurdity" in this case, as the petitioner is not being subjected to any charges relating to his conduct in his position, but, rather, is attempting to defend his right to occupy that position in the first instance. In addition, there will be many cases in which it will not be necessary for a teacher or administrator, joined as a necessary party pursuant to CPLR 1001 (*see, e.g., Kirkland v Board of Educ.,* 49 AD2d 693 [appeal No. 3]; *Matter of Dreyfuss v Board of Educ.,* 42 AD2d 845), in an action or proceeding brought by a colleague claiming a superior right to his position, to retain his own legal counsel, as his interests will often correspond to those of the Board of Education, or, as in the instant case, be substantially unaffected by the outcome. In fact, in those situations where the interests of the affected employee differ materially from those of the Board of Education, it would appear inconsistent with the legislative purpose of Education Law § 3811 to require a Board of Education to provide its employee with a defense. It should be noted in this regard, that in the actions arising out of a teacher's or administrator's conduct in the performance of the duties associated with his position which are embraced within the statutory language of Education Law § 3811 (e.g., educational malpractice and libel actions), the interests of the Board of Education and those of its employees will, of necessity, be similar, since the Board can be held vicariously liable for the conduct of its employees pursuant to the principle of respondeat superior. Lastly, it has repeatedly been held that the interpretations of the provisions of the Education Law and its accompanying regulations by the Commissioner of Education are entitled to great weight in view of his substantial expertise in the area (*Steele v Board of Educ.,* 40 NY2d 456, 463; *Matter of Kelley v Ambach,* 83 AD2d 733; *Lombardi v Nyquist,* 63 AD2d 1058, 1959, *lv denied* 45 NY2d 710).

We have considered appellant's remaining contentions and find them to be without merit.

MANGANO, J. P., BRACKEN and NIEHOFF, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered May 23, 1984, affirmed, without costs or disbursements.