In the Matter of JAMES COTTER, Appellant, v BOARD OF EDUCATION OF GARDEN CITY UNION FREE SCHOOL DISTRICT, Respondent. [881 NYS2d 486]—

In a proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination of the respondent dated October 15, 2007, pursuant to Education Law §§ 3023 and 3811, denying the petitioner's request to defend and indemnify him in an action entitled *McCarthy v Cotter*, pending in the Supreme Court, Nassau County, under index No. 10611/07, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered March 10, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the respondent is directed to defend and indemnify the petitioner in the subject action.

While grading Regents examinations in the school library with a group of other teachers, the petitioner, a teacher

employed by the respondent Board of Education of the Garden City Union Free School District, became involved in a physical altercation with a fellow teacher, Philip McCarthy, which culminated in the petitioner placing McCarthy in a headlock. The petitioner claimed that the altercation began when, as the designated "Teacher in Charge" of the exam-grading process, he directed McCarthy to sit down and resume grading examinations, at which point McCarthy threw water at him. McCarthy claimed that the altercation was unprovoked, and was begun by the petitioner because of the petitioner's personal animosity towards him.

When McCarthy commenced a civil action against the petitioner to recover damages for assault, the respondent refused to defend and indemnify the petitioner pursuant to Education Law §§ 3023 and 3811, determining, inter alia, that the action did not arise out of "the exercise of [the petitioner's] powers or the performance of his duties." The petitioner commenced this CPLR article 78 proceeding, inter alia, in effect, to review that determination. The Supreme Court denied the petition and dismissed the proceeding. We reverse.

The Legislature created Education Law § 3811 to protect teachers from a broader array of claims than those encompassed by Education Law § 3023 (see Matter of Casey v Tieman, 110 AD2d 167 [1985]). Examples of such claims include, but are not limited to, "educational malpractice actions and libel actions directly related to the educator's performance of his [or her] job" (id. at 175).

Given the purpose of Education Law § 3811, it was unreasonable for the respondent to deny the request to provide a defense and indemnification under these circumstances. The altercation occurred on school grounds, while the petitioner and McCarthy were on duty grading Regents examinations (see Matter of Cutler v Poughkeepsie City School Dist., 73 AD2d 967 [1980]), and thus was not "wholly personal" (Beauchamp v City of New York, 3 AD3d 465, 466 [2004]). Accordingly, the petition should have been granted.

The respondent's remaining contentions are without merit.

We need not reach the petitioner's remaining contentions in light of our determination. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.